57731. HOLLOWAY v. FARMERS & MERCHANTS BANK et al.

SMITH, Judge.

Because appellee bank failed to prove it possessed an enforceable security interest in the vehicle involved, we reverse the trial court's grant of appellee's motion for summary judgment.

Appellee bank brought this action against its debtor, used car dealer George Pippin, seeking to foreclose upon an alleged security interest Pippin had granted it in a certain automobile. Appellant intervened and presented evidence showing that she was in fact the owner of the vehicle and that she had allowed it to remain on Pippin's car lot upon their agreement that, if he could find a buyer for the car at a price approved by her, she would pay him a commission. It was subsequent to her leaving the car and the certificate of title at the lot that Pippin allegedly granted appellee a security interest in the vehicle. Appellee did not introduce a written security agreement but instead relied upon its officer's deposition indicating that it possessed the car's certificate of title, which Pippin had given to appellee pursuant to its financing his inventory. Furthermore, the certificate of title, purportedly executed in blank, was not produced below.

425

Assuming without deciding that appellee proved the other elements of a valid security interest and that, if proved, the security interest would have prevailed, appellee's failure to establish compliance with Code § 109A-9—203(1)(a) here rendered the security interest unenforceable by means of summary judgment. ". . . [A] security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless the collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral. . ." Ibid. There was neither proof of the requisite security agreement nor proof that appellee possessed the automobile; accordingly, it was error for the trial court to grant appellee's motion for summary judgment.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED MAY 9, 1979 — DECIDED SEPTEMBER 20, 1979.

*Maurice Byers,* for appellant.
*H. Dale Thompson, B. H. Baldwin,* for appellees.