### 58695. THOMAS FORD TRACTOR, INC. v. NORTH GEORGIA PRODUCTION CREDIT ASSOCIATION.

SOGNIER, Judge.

North Georgia Production Credit Association (hereafter PCA) filed a complaint against Thomas Ford Tractor, Inc. (hereafter Thomas) to recover either the fair market value or the return of a 1967 Ford tractor, Model 3000, Serial Number C-336506 with loader, and a 1968 Ford tractor, Model 3000, Serial Number A-440863. PCA contended it holds valid security interests in the two tractors pursuant to perfected security agreements executed in its favor by Robson Terry Young, Jr. and Mary Helen H. Young, husband and wife.

It is undisputed that on July 22, 1974 the Youngs obtained a loan from PCA in the amount of $94,400 after signing a security agreement and bill of sale granting PCA a security interest in certain cattle, crops and equipment, including the two tractors in dispute, as collateral for the loan. PCA alleged the two tractors were traded to Thomas by the Youngs while PCA still held valid security interests in them. PCA perfected its security interest by filing the security agreement and financing statement in the Habersham County Courthouse on July 26, 1974.

Thomas' answer alleged that the Youngs did not trade in any equipment to him. Further, that on May 2, 1975, it received a Model 3000 Ford tractor with loader and two buckets, Serial Number J156-140-863, as a trade-in from Holly Hill Cattle Management on a contract signed by David L. Young. On January 28, 1976, Thomas received as a trade-in a Model 3000 Ford Tractor, Serial

Number C-153650, from Terry Young and David Young. These two tractors were repaired and sold.

PCA filed a motion for summary judgment and stated that the serial numbers contained in the Security Agreement and Financing Statement were erroneous, but the descriptions were otherwise correct. An affidavit supporting the motion provided that between July, 1974 and the end of January, 1976 the Youngs possessed and used only two Model 3000 Ford tractors, and no other person or entity possessed any other Model 3000 Ford tractors on the Young's farm.

In its answering brief, Thomas contended that the description of the tractors in the security agreement and financing statement is so vague and indefinite it is not sufficient to give third parties notice of a lien on such equipment, and in the absence of a reasonable identification the requirements of Code Ann. § 109A-9—110 have not been met. Further, Thomas contended it had no transactions with Terry Young and Mary Helen Hynes Young.

The trial court granted the motion for summary judgment and Thomas appeals, contending the trial court erred by granting summary judgment to plaintiff (1) because the description of plaintiff's financing statement is inadequate as a matter of law; (2) because sufficiency of the description in the financing statement is an issue for the jury to decide; (3) because plaintiff failed to prove the tractors given as collateral were the same tractors traded in to defendant; and (4) because plaintiff failed to prove that Terry and Mary Young had title to the tractors in defendant's possession.

Code Ann. § 109A-9—110 provides, in pertinent part: "For the purposes of this Article any description of personal property . . . is sufficient whether or not it is specific if it reasonably identifies what is described." Code Ann. § 109A-9—402 (1) provides, in pertinent part: "A financing statement is sufficient if it gives the names of the debtor and the secured party, . . . and contains a statement indicating the types, or describing the items, of collateral . . ."

1. In Enumeration 1 appellant contends the description of the two tractors in the financing statement

accompanying the security deed was insufficient as a matter of law. We disagree. Even in the absence of serial numbers, we believe such description is sufficient under the requirements of § 109A-9—110 because it reasonably identifies what is described. "Merely stating an incorrect serial number will not vitiate the contract if the key is there, *Trusco Finance Co. v. Childs,* 87 Ga. App. 789, supra." *Yancey Bros. Co. v. Dehco, Inc.,* 108 Ga. App. 875, 877 (134 SE2d 828) (1964).

2. In Enumeration 2 appellant contends that the question of sufficiency of the description in the financing statement to impart constructive notice is for the jury except in clear cases. We agree. In *First Nat. Bank v. Spicer,* 10 Ga. App. 503 (1) (73 SE 753) (1911) we stated: "[T]he question of the sufficiency of description of property in a mortgage is one of law, for the court; that of the identity of the property mortgaged is one of fact, to be decided by the jury." We recently applied the same rule in *Chapman v. Bank of Cumming,* 150 Ga. App. 85, 86 (256 SE2d 601) (1979), where we pointed out that "[T]he question is whether the description provides such a key to identity of the property . . . that a person of ordinary business prudence would have discovered, from pursuing such lines of inquiry as the data given in the description would naturally suggest to his mind, that the bulldozer received . . . was the bulldozer described. This question is for the jury." Applying these principles to the instant case, it is clear there was a material issue as to whether the description of the tractors in the security agreement held (and recorded) by PCA was sufficient to put Thomas on notice that the tractors it received in trade from David L. Young, d/b/a Holly Hill Cattle Management, and David L. Young and Terry Young, d/b/a Holly Hill Farms, were the same tractors on which PCA held a security agreement. As this was an issue for the jury, it was error for the trial court to grant summary judgment to PCA. In view of this ruling, we need not consider Enumerations 3 and 4.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED OCTOBER 16, 1979 — DECIDED MARCH 11, 1980.

*Emory F. Robinson, Frank W. Armstrong,* for appellant.

*Thomas Jarrard, John R. Cleveland,* for appellee.