In re SWAFFORD FURNITURE COMPANY OF COLLEGE PARK, INC., Debtor.

Dale R. F. GOODMAN, Trustee, Plaintiff,

v.

C. L. SCHENCK and Jacqueline Schenck, Defendants.

Adv. No. 80–0545A.
Bankruptcy No. 80–01975A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

April 13, 1981.

Dale R. F. Goodman, Atlanta, Ga., for plaintiff.

Theodore P. Bianco, Stone Mountain, Ga., for defendants.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

On July 9, 1980, the above-referenced plaintiff filed a complaint to sell property free and clear of liens, thus initiating this proceeding. On July 17, 1980, the defendants filed an answer claiming a security interest in the inventory which was to be

sold to the extent of a $70,000.00 debt owed to the defendants by the debtor by virtue of a security agreement and a financing statement filed with the Clerk of the Superior Court of Fulton County, Georgia. On October 15, 1980, the plaintiff amended her complaint to add a count requesting that the Court avoid a transfer to the defendants of a sum in the amount of $9,676.85.

The property was sold pursuant to Court Order and on November 20, 1980, the plaintiff filed a motion for partial summary judgment requesting that the Court find that the defendants had no security interest in the proceeds of the sale of inventory. On December 9, 1980, the defendants filed a response to the plaintiff's motion for partial summary judgment. The matter comes before the Court now on the motion for partial summary judgment and response thereto.

## FINDINGS OF FACT

### 1.

Prior to August, 1978, the defendant C. L. Schenck had operated a furniture business at the location known as 2511 Roosevelt Highway, College Park, Georgia (hereinafter the "premises"). When the premises were occupied by the debtor sometime after August, 1978, the defendant continued to store large quantities of merchandise in the warehouse located to the rear of the business.

### 2.

In April, 1979, an agreement was entered into between the defendant and the debtor creating a security agreement between the parties.

### 3.

On May 2, 1979, a financing statement was properly filed in Fulton County, Georgia, and attached thereto was a four page handwritten exhibit listing the secured inventory.

### 4.

The parties agreed that as inventory was removed by sale, the new inventory would be moved to the showroom to replace the goods sold. The parties kept track of the items sold and, periodically, the monies due were paid to the defendant.

### 5.

On the Uniform Commercial Code Financing Statement, the appropriate box was checked for "[p]roceeds of collateral are also covered" and "[p]roducts of collateral are also covered".

### 6.

All of the items of furniture were sold with the knowledge and permission of the allegedly secured party.

### 7.

At the time of the filing of the petition in bankruptcy, the debtor listed no cash proceeds on its schedules.

### 8.

None of the items sold by the trustees pursuant to Order of this Court were listed on the Uniform Commercial Code Financing Statement filed by the secured party.

## CONCLUSIONS OF LAW

The sole question before the Court is whether or not the defendants' security interest in the furniture sold by the trustee was perfected by the U.C.C. Financing Statement filed on May 2, 1979. The defendants claim that their security interest remained perfected in the furniture sold by the trustee because said furniture constituted "remote proceeds" acquired with the cash proceeds of the sale of the original inventory. The defendants recognize that Ga.Code § 109A–9–306(3)(a) limits the defendants' right to trace their security interest but claim the security interest falls within those limitations. That section states:

"The security interest in proceeds is a continuously perfected security interest if the interest in the original collateral was perfected but it ceases to be a perfected security interest and becomes unperfected ten days after receipt of the proceeds by the debtor unless (a) a filed financing statement covers the original collateral and the proceeds are collateral in which a security interest may (taking into account

§ 109A–9–401(2) and (3)) be perfected by filing in the office or offices where the financing statement has been filed and, if the proceeds are acquired with cash proceeds, *the description of collateral in the financing statement indicates the types of property constituting the proceeds;"* Ga.Code § 109A–9–306(3)(a). [emphasis added].

The defendants claim that the description of collateral in the financing statement indicates the types of property constituting the proceeds, i. e. furniture.

▮ However, the Court finds that this is the point at which the defendants' argument breaks down. The description of the collateral in the U.C.C Financing Statement which the defendants filed does not describe the collateral as "furniture". To the contrary, the description lists numerous specific items of furniture, none of which were among the items sold by the trustee. The formal requisites of Georgia financing statements are described at Ga.Code § 109A–9–402(1). That section states in material part that a financing statement must contain

"a statement indicating the *types*, or *describing the items,* of collateral." Ga. Code § 109A–9–402(1). [emphasis added].

This provision indicates two alternate methods of describing collateral in a Georgia U.C.C. Financing Statement. First, a financing statement may describe "the types" of collateral generically. Second, the financing statement may describe the items of collateral specifically. The defendants chose the latter method of describing collateral.

▮ In Georgia the question of the sufficiency of the description of collateral in a financing statement is whether or not the description is adequate to put a third party on notice that collateral in question is collateral in which the secured party is claiming an interest. *Thomas Ford Tractor, Inc. v. North Georgia Production Credit Association,* 153 Ga.App. 820, 266 S.E.2d 571 (1980). In order to apply this test to the present case, it is necessary to state the question as follows:

Does the description of a specific group of items claimed as collateral in the financing statement in question put a third party on notice that the secured party claims an interest in an entirely separate group of items?

It is obvious that it does not.

A third party who read the financing statement filed in the Superior Court of Fulton County could well conclude that the defendants claimed a security interest in the collateral listed. However, such a third party would clearly be justified in assuming that the defendants did not claim their security interest in any collateral which was not listed on the financing statement.

▮ The fact that the furniture sold by the trustee may be remote proceeds of the collateral in which the defendants originally perfected their security interest does not perfect a security interest in this furniture because "the description of collateral in the financing statement [does not] indicate the types of property constituting the proceeds." Ga.Code § 109A–9–306(3)(a).

▮ Therefore, the Court finds that the defendants had no perfected security interest in the furniture sold by the trustee. Since any security interest which the defendants may have had in the collateral was not perfected under Georgia law, the trustee has the power to avoid the unperfected lien of the defendants pursuant to 11 U.S.C. § 544(a)(1).

IT IS HEREBY ORDERED AND ADJUDGED that the plaintiff shall and does have partial summary judgment in her favor as to the issue of whether the defendants have a valid lien on the funds received from the sale of personal property of the debtor.