## 37625. TONY et al. v. POLLARD.

HILL, Presiding Justice.

This case involves the validity of a will. Testatrix was survived by two brothers and five sisters. Contestants (caveators) are the children of a brother of testatrix who predeceased her. Contestants challenge the validity of the will primarily on the basis of undue influence.

Contestants were not included in what appears to have been testatrix's 1978 will. Nor were they included in her 1979 will offered for probate and in issue here.[1] Regarding the contested 1979 will, the evidence before the probate court was undisputed that on May 7, 1979, testatrix met with her attorney, alone, to discuss what she wanted to do with her property; that on that same day she visited her doctor complaining of sporadic dizziness; that her blood pressure was normal and she was oriented, coherent, described her symptoms, and evidenced no abnormal mental condition; that at age 66 she executed the will on May 25, 1979, at her attorney's office after discussing it with him privately before his secretary came in to witness the will along with the attorney; that the witnesses to the will testified that testatrix had the mental capacity to execute the will and that she did so voluntarily; that testatrix lived alone, maintained herself and her home and handled her own finances; that on July 2, 1979, testatrix returned to her doctor complaining of headache, dizziness and

---

[1] The 1979 will bequeathed $12,000 to charities, $2000 to neighbors and $4000 to Malene Pollard, testatrix's sister and executrix under the will, with the residue to be divided equally among nine named individuals including Malene Pollard and testatrix's other surviving brothers and sisters.

blankness of mind; that she had difficulty expressing herself and said this condition had been going on about two weeks; that she was admitted to the hospital that same day; that she was operated on and it was found that she had a malignant brain tumor; and that testatrix died on December 11, 1979. Contestants called no witnesses. The probate court admitted the will to probate and contestants appealed to the superior court.

Propounder moved for summary judgment in the superior court. One contestant filed an affidavit in opposition to the motion in which she stated that testatrix had told her on numerous occasions after the death of testatrix's brother (affiant's father) in 1964 that testatrix would include affiant and her brother and sister in testatrix's will; that one of testatrix's sisters (Malene Pollard, executrix, propounder and one of the beneficiaries under the will) was constantly around testatrix prior to her death and suggested to testatrix how her estate should be distributed, omitting contestants; that this sister influenced testatrix and arranged for the preparation and execution of the will omitting contestants; that at the time of executing her will testatrix was having dizzy spells, on medication, unable to complete sentences without forgetting where she was or what she was doing; that testatrix's physical condition was such that she was depressed and susceptible to suggestions; and that said sister suggested to testatrix that contestants did not love her and should be excluded from her will.

After hearing on the motion for summary judgment, the trial court called for briefs and thereafter entered the following order: "The motion for summary judgment filed by [propounder] having come on for a hearing . . . and the Court having given counsel for the parties time to submit briefs with regard to said Motion; and it appearing to the court that counsel for the [propounder] has submitted a brief and counsel for [contestants] has not submitted a brief; it is CONSIDERED, ORDERED AND ADJUDGED that there is no genuine issue as to any material fact and that [propounder] is entitled to judgment as a matter of law, said Motion for Summary Judgment is hereby granted." Contestants appeal.

1. Contestants enumerate as error that the trial court's order was based not on an examination of the evidence submitted on the motion but on their failure to file a brief. While we agree that the grant of summary judgment should be based on the evidence submitted on the motion rather than respondent's failure to take advantage of the opportunity to file a brief (no order requiring the filing of briefs and giving notice that failure to file would result in dismissal appears in the record, and the appeal was not dismissed for want of prosecution), inasmuch as the court also found that there was

no genuine issue as to any material fact, the order is at least ambiguous as to its basis.

As was stated by Justice Bleckley in *Lee v. Porter,* 63 Ga. 345, 346 (1879): "It not infrequently happens that a judgment is affirmed upon a theory of the case which did not occur to the court that rendered it, or which did occur and was expressly repudiated. The human mind is so constituted that in many instances it *finds the truth* when wholly unable to *find the way* that leads to it." From this keen observation of the common sense functioning of the judicial mind, the rule has arisen that "A correct decision of a trial court will not be reversed, regardless of the reasons given therefor." *Coker v. City of Atlanta,* 186 Ga. 473 (1) (198 SE 74) (1938). We find no error in the recital preceding the substance of the order.

2. Contestants enumerate as error the trial judge's failure to consider contestants' affidavit. The portions of that affidavit which could be said to raise genuine issues of fact[2] are as follows: that one of testatrix's sisters (Malene Pollard, executrix, propounder and one of the beneficiaries under the will) was constantly around testatrix prior to her death and suggested to testatrix how her estate should be distributed, omitting contestants; that this sister influenced testatrix and arranged for the preparation and execution of the will omitting contestants; that testatrix's physical condition was such that she was depressed and susceptible to suggestions; and that said sister suggested to testatrix that contestants did not love her and should be excluded from her will.

Code § 81A-156 (e) sets forth three requirements for affidavits supporting and opposing motions for summary judgment, as follows: "[They] shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Although contestants' affidavit states that it was made on personal knowledge, the affidavit sets forth conclusions without laying the necessary foundation therefor, not facts as would be admissible in evidence, and it nowhere shows that affiant is competent to testify to the conclusory statements that the sister "suggested" to testatrix that contestants be excluded from the will and "influenced" testatrix to omit contestants from the will. We are

---

[2] Merely showing an opportunity to exert undue influence by one who occupies a confidential relationship to the testator and who receives a substantial benefit under the will is not sufficient to prove undue influence, and the choice of one in a confidential relationship as a favored beneficiary under the will, standing alone, is not cause to deny the will to probate. *Cornelius v. Crosby,* 243 Ga. 26, 28 (252 SE2d 455) (1979).

left in doubt as to when, in relation to the execution of the will, such "suggestions" were made and such "influence" was exerted. We are left in doubt as to whether affiant personally overheard such suggestions being made and influence being exerted (which seems most unlikely), or whether affiant heard of these matters from someone else (hearsay, and therefore inadmissible as testimony from affiant), or whether affiant "knew" that it happened because of certainty that her aunt would not have excluded contestants unless she had been influenced to do so. "The mere opinions of witnesses, other than physicians and the attesting witnesses, are not admissible, unless accompanied with the facts on which they are founded; but having stated the appearance, conduct, conversation, or other particular facts, from which the state of the testator's mind may be inferred, they are at liberty to express their belief or opinion, as a result of those facts." 1 Redfearn, Wills, § 49, p. 97 (4th Ed. 1979).

We cannot hold that the trial court erred in not considering this affidavit in opposition to the motion for summary judgment and thus we hold that the trial court did not err in not considering it.

3. Contestants enumerate error on the trial court's considering the transcript of the hearing in the probate court in granting summary judgment. The transcript of the probate proceeding was certified by the court reporter and was transmitted from the probate court to the superior court (even though such transmission may not be required by Code § 6-114). The transcript thus was properly before the superior court. It could be relied upon there to support or oppose a motion for summary judgment. *Taylor v. Donaldson,* 227 Ga. 496 (1) (181 SE2d 340), cert. denied, 404 U. S. 805 (1971).

On an appeal to superior court from the probate court of a proceeding to probate a will, under Code § 81A-156 either party, and certainly the prevailing party, may move for summary judgment, *Taylor v. Donaldson,* supra; the superior court may consider the transcript of proceedings in the probate court on motion for summary judgment, *Brown v. Frachiseur,* 247 Ga. 463 (277 SE2d 16 ) (1981); and where there is no genuine issue as to any material fact raised in the transcript of proceedings in the probate court, or in depositions, answers to interrogatories, admissions or affidavits before the court, the superior court does not err in granting summary judgment based on the probate court transcript. *Brown v. Frachiseur,* supra.

Contestants argue that they do not receive the de novo appeal to which they are entitled in the superior court (Code § 6-501) if that court considers the probate court transcript. This argument was implicitly rejected in *Taylor v. Donalson,* supra, when this court held that summary judgment could be granted in favor of the propounder by the superior court in an appeal from the probate court.

Citing *Wheeler v. Rowell,* 234 Ga. 403 (216 SE2d 301) (1975), contestants argue that inasmuch as a proceeding to probate a will involves opinion testimony from the subscribing witnesses and possibly others, the grant of summary judgment in favor of the propounder is inappropriate. In *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978), we held that expert opinion evidence could be used to support the grant of summary judgment in favor of a defendant in a case in which the plaintiff was required to produce expert opinion evidence in order to prevail (e.g., malpractice) and plaintiff failed to produce such expert opinion in response to the defendant's expert's evidence. Hence the rule that opinion evidence cannot be used to support the grant of summary judgment is no longer absolute.

Opinion evidence has been allowed in support of the grant of summary judgments in favor of the propounders of wills without discussion. See *Taylor v. Donaldson,* supra; *Thomas v. Roughton,* 227 Ga. 127 (179 SE2d 62) (1971); *Richards v. Tolbert,* 232 Ga. 678 (208 SE2d 486) (1974); *Glenn v. Mann,* 234 Ga. 194 (214 SE2d 911) (1975); *Melton v. Shaw,* 237 Ga. 250 (227 SE2d 326) (1976); *Gunter v. National City Bank,* 239 Ga. 496 (238 SE2d 48) (1977); *Mitchell v. Hillsman,* 241 Ga. 289 (244 SE2d 871) (1978); *Brown v. Frachiseur,* supra.

The purpose of granting summary judgment is to eliminate the necessity for trial by jury where there is no genuine issue as to any material fact shown by the record and the moving party is entitled to a judgment as a matter of law. *Lampkin v. Edwards,* 222 Ga. 288 (1) (149 SE2d 708) (1966). Consistent with this purpose, we hold that the undisputed testimony of witnesses admitted in the probate court, including their opinion testimony as to the testamentary capacity of the testatrix and the voluntariness of her execution of the will (as reported in the transcript of proceedings in the probate court), will sustain the superior court's grant of summary judgment admitting the will to probate.

In *Wheeler v. Rowell,* supra, relied upon by contestants, issues of fact were raised by contestant's counter-affidavit. To the extent that case appears to be based on the additional proposition that the propounder of a will is not entitled to summary judgment because of the necessity that the propounder rely upon opinion evidence, it is overruled. See *Mitchell v. Hillsman,* supra, 241 Ga. at 291, where we found that: "The total lack of any direct evidence of undue influence, combined with the clear and positive testimony that the testatrix was of sound mind, that she signed her will freely and voluntarily, and that the person allegedly exerting undue influence was not present, required the grant of summary judgment for appellee." *Mitchell v. Hillsman* impliedly overruled *Wheeler v. Rowell* to the extent that

we do so expressly now.

4. The foregoing rulings dispose of contestants' remaining enumerations of error.

*Judgment affirmed. Jordan, C. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 8, 1981.

*Murphy, Witcher & Murphy, Jack F. Witcher,* for appellants.
*Tisinger, Tisinger, Vance & Greer, Robert E. Rivers,* for appellee.