## 65110. HIGHSMITH v. KNOX et al.

BANKE, Judge.

The appellant, who is the Clerk of the Superior Court of Glynn County, was appointed by the county commissioners to serve as county child support receiver for a term of two years beginning in February of 1980. Pursuant to Ga. Laws 1979, pp. 1400-1404, his salary for that position was set by appellee Knox, Chief Superior Court Judge, at an amount equal to the net amount of the fees collected after the deduction of expenses. In April of 1981, Judge Knox issued a supplemental order which changed the compensation to $600 per month, effective July 1, 1981. The appellant resigned effective June 30, 1981, and another person was appointed by the county commissioners to fill the post. He subsequently filed suit against Judge Knox and the commissioners to recover damages for breach of contract. The damage claimed is the amount of fees which he allegedly would have collected had he remained until the end of his term, based on the original rate of compensation, less the compensation fixed by the supplemental order. The trial court denied appellant's motion to disqualify the Attorney General as counsel for Judge Knox and dismissed the action based on the defenses of governmental and judicial immunity. In this *pro se* appeal, the appellant enumerates all of these rulings as error. *Held:*

"A public officer has no vested right in the compensation prescribed for the office until he earns it . . ." *Moseley v. Garrett,* 182 Ga. 810, 815 (187 SE 20) (1936), and such compensation "may, unless prohibited by law, be reduced during his term of office." *Hall County v. Quillian,* 32 Ga. App. 586 (124 SE 143) (1924). See generally 25 E. G. L. § 42 (Public Officers). From the pleadings and exhibits attached thereto, it is clear that the appellant resigned his position before the effective date of the salary reduction and that accordingly he would not be entitled to relief under any state of facts provable. See generally *Martin v. Pierce,* 140 Ga. App. 897 (232 SE2d 170) (1977). Dismissal was proper even though for a different reason than that given by the trial court. "A correct decision of [the] trial court will not be reversed, regardless of the reasons given therefor." *Coker v. City of*

*Atlanta,* 186 Ga. 473 (1) (198 SE 74) (1938); *Tony v. Pollard,* 248 Ga. 86 (281 SE2d 557) (1981). The remaining enumerations of error are rendered moot by the foregoing.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 23, 1982 —
REHEARING DENIED DECEMBER 9, 1982 —

Marvin J. Highsmith, *pro se.*

Thomas J. Lee, Michael J. Bowers, Attorney General, Kathryn Allen, Assistant Attorney General, for appellees.