69225. KNIGHT v. STEVENS LOGGING, INC.
(326 SE2d 494)

SOGNIER, Judge.

Stevens Logging, Inc. (Stevens) brought this action against Phillip Knight for damages resulting from a collision between a tractor and trailer owned by Stevens and a car operated by Knight. The trial court sitting without a jury entered judgment in Stevens' favor. Knight does not contest the trial court's finding of liability but ap-

peals from the award of damages for the tractor and trailer. There being separate findings of damage as to each we will treat the contentions regarding the tractor and trailer separately.

1. Appellant contends the trial court erred in the amount of damages it awarded appellee for the tractor unit of the vehicle. Recovery for damages to an automobile may be based on the difference in the value before the injury and the value afterwards; alternatively, it may be based on the reasonable value of necessary repairs together with hire value of the vehicle while incapable of use and the value of permanent impairment, provided the aggregate amount of those items does not exceed the value of the automobile before the accident, with interest. *Davis v. Sotomayer*, 149 Ga. App. 224 (253 SE2d 782) (1979).

The trial court awarded appellee $14,000 for the loss of use of the vehicle. Although we find the evidence sufficient to indicate appellee elected to have the tractor repaired, we find insufficient evidence in the record to support the trial court's ruling that ninety days was a reasonable length of time for repair of the tractor. However, on appeal this court will construe the evidence to uphold rather than overturn the judgment of a trial court, *Barry v. Stanco &c. Products*, 243 Ga. 68, 70 (252 SE2d 491) (1979), and a judgment right for any reason will be upheld. *Fourteen West Realty v. Wesson*, 167 Ga. App. 539, 540 (307 SE2d 28) (1983). Thus, although the evidence does not support the verdict based on the loss of use method of computation, we find sufficient evidence in the record to support an award based on the before and after value of the tractor. Competent evidence showed that the value of the tractor before the accident was between $14,000 and $15,000; the parties stipulated that the tractor's value after the accident was $3,000. Accordingly, the evidence supports an award of $12,000 as damages for the tractor. We therefore affirm the trial court's award of damages for the tractor with direction that the award be reduced by $2,000.

2. We find no merit in appellant's contention that the trial court erred in awarding damages for the trailer because appellee failed to sufficiently prove the value of the trailer before and after the accident. The court's finding that the trailer was worth $4,000 before the accident is supported by testimony that the trailer's value was between $4,000 and $4,500 before the accident. There was evidence that the cost of repairs for damages to the trailer ranged from $1,700 to $2,000. Repairs are proper evidence in considering the before and after value of motor vehicles in accident cases. *Southern R. Co. v. Grogan*, 113 Ga. App. 451, 456 (7) (148 SE2d 439) (1966). Thus, the trial court's award of $1,450 in damages was supported by the evidence.

*Judgment affirmed with direction. Deen, P. J., and McMurray, P. J., concur.*

DECIDED JANUARY 14, 1985 —
REHEARING DENIED JANUARY 29, 1985.

*James V. Towson*, for appellant.
*George D. Lawrence*, for appellee.