## 71621. ADAMS v. EMORY UNIVERSITY CLINIC et al.
(347 SE2d 670)

BEASLEY, Judge.

Mary Adams was an employee of Emory University Clinic, a partnership of professional physicians, from March 1972 until she resigned August 6, 1982, effective September 3, 1982. Beginning in November 1981 Adams' supervisor was Paul Grembowicz, who allegedly embarked upon a systematic course of harassing and abusing her which lasted throughout the remainder of her tenure with Emory Clinic. After unsuccessful actions in federal courts, Adams filed suit against Emory Clinic, its managing partners and Grembowicz on August 16, 1984. The complaint alleged that from November 1981 until September 1982 Adams was "wilfully or recklessly or negligently subjected to repeated personal injury." Specific instances of Grembowicz's conduct towards Adams were detailed, as well as knowledge of those actions on the part of the higher echelon of Emory Clinic. It was then alleged that Adams was "forced to work in an intimidating, hostile and offensive environment" thereby putting extreme pressure upon her which was detrimental to her health; that injuries and damages to Adams were proximately caused by the negligent, wilful and reckless conduct of defendants resulting in "great pain of body and mind, extreme mental distress and loss of salary, pension plan, vacation benefits, medical coverage and . . . accumulated sick leave." Adams sought to recover $750,000 for injury to her person, pain and suffering, mental distress, loss of salary, pension plan, vacation and medical benefits, plus punitive damages of $3,000,000, costs and attorney fees.

Emory Clinic and its partners answered and denied the material averments of the complaint. After discovery, Emory Clinic filed a motion for summary judgment predicated on two grounds: the claims by Adams were barred by the exclusive remedy provision of the Workers' Compensation Act, OCGA § 34-9-11, and by the two-year statute of limitation for personal injuries provided in OCGA § 9-3-33. After a hearing the trial court dismissed the complaint, citing cases holding that a common lawsuit against an employer for injuries brought about by a supervisory employee is not permitted and that the sole remedy is a claim for workers' compensation. See, e.g., *Southern Wire & Iron*

*v. Fowler*, 217 Ga. 727, 731 (124 SE2d 738) (1962).

On appeal, Adams contends that she brought suit for verbal abuse, ridicule and humiliation while employed at Emory Clinic and "[t]he nature of the verbal abuse constitute[s] grounds for the tort of intentional infliction of emotional distress." It is urged that two issues are presented on appeal: "whether mental injury suffered from the intentional infliction of mental distress is a physical injury subject to the exclusive remedy provision of [our] workers' compensation statute; whether the verbal abuse, ridicule, humiliation, and harassment [Adams] suffered at the hands of [Emory Clinic] constitutes the tort of intentional infliction of mental distress."

In a recent whole court decision this court reaffirmed the principle that under the workers' compensation law "to be compensable, psychological injury or disease must result 'naturally and unavoidably' . . . from some discernible physical occurrence." *Williams v. ARA Environmental Svcs.*, 175 Ga. App. 661, 662 (334 SE2d 192) (1985), quoting with approval *Hanson Buick v. Chatham*, 163 Ga. App. 127, 129 (292 SE2d 428) (1982). Adams is thus urging that, because her case involves the intentional infliction of mental distress, resulting in psychological injuries only, it is not a proper case for a workers' compensation claim and therefore a common lawsuit for negligence may be brought. See *Davis v. Aetna Cas. &c. Co.*, 169 Ga. App. 825, 828 (314 SE2d 913) (1984) (modified in *Aetna Cas. &c. Co. v. Davis*, 253 Ga. 376 (320 SE2d 368) (1984)).

It is observed that although some of the language in her pleadings could be considered as seeking damages for constructive termination of her employment contract, Adams has chosen to rest her case solely on the tortious aspects thereto. See *Manley v. Exposition Cotton Mills*, 47 Ga. App. 496 (170 SE 711) (1933). In effect, Adams has locked herself into the position of asserting a tort claim and must stand or fall based on that theory. See *NAACP v. Pye*, 96 Ga. App. 685 (101 SE2d 609) (1957); *Nations v. Winter*, 165 Ga. App. 890, 893 (5) (303 SE2d 64) (1983).

An appellate court in reviewing a lower court decision will look to the basic question, which is whether or not the judgment is valid as a matter of law; the reasons contained in the judgments are not controlling. *Collins v. McPhail*, 213 Ga. 626, 627 (100 SE2d 445) (1957). Briefly expressed, a judgment right for any reason will be affirmed. *Tony v. Pollard*, 248 Ga. 86, 88 (1) (281 SE2d 557) (1981). Because of this principle we need not address the issue regarding whether this claim would fall within the exclusive jurisdiction of the workers' compensation board. For it appears that in any case the claim is barred by the statute of limitations in OCGA § 9-3-33 (the second ground on which defendant sought summary judgment).

This suit for injuries to the person was brought on August 16,

1984, which must have been within two years after the right of action accrued. OCGA § 9-3-33. " 'The test to be applied in determining when the statute of limitations begins to run against an action sounding in tort is in whether the act causing the damage is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury and gives rise to a cause of action. If the act is of itself not unlawful in this sense, and a recovery is sought only on account of damage subsequently accruing from and consequent upon the act, the cause of action accrues and the statute begins to run only when the damage is sustained; but if the act causing such subsequent damage is of itself unlawful in the sense that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, however slight the actual damage then may be.' " *Hoffman v. Ins. Co. of N. America*, 241 Ga. 328, 330 (245 SE2d 287) (1978). Accord *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 805 (273 SE2d 16) (1980), wherein it was noted "the period within which a suit may be brought is measured from the date upon which the plaintiff could have successfully maintained the action." The court in *Jankowski* further observed that nominal damages may be recovered is sufficient to create a cause of action and any appreciable harm will trigger the running of the statute. Id. p. 806.

Based on the statute and the Supreme Court cases interpreting it, Adams had a cause of action, if one is legally cognizable, in May 1982 when as a result of Grembowicz's alleged abuse her blood pressure rose to the stroke level and she was forced to miss work. Even if the tort be considered as continuing in nature, it is clear that the last relevant date is August 6, 1982, when Adams resigned. From that point on, although she continued to work until September 3, Adams admitted she was no longer subjected to the conduct for which she now seeks remedy. Moreover, from that point forward she suffered no more damages. That is therefore the latest date at which it may be said that her alleged cause of action accrued. Compare *Delaware State College v. Ricks*, 449 U. S. 250 (101 SC 498, 66 LE2d 431) (1980). The statute of limitations barred the claim filed August 16, 1984.

*Judgment affirmed. Deen, P. J., concurs. Benham, J., concurs in judgment only.*

DECIDED JULY 3, 1986.

*Theodore A. Speaker*, for appellant.
*Donald B. Harden*, for appellees.