## 72826. GRIER v. SKINNER'S FURNITURE STORE OF NEWNAN, INC.

(349 SE2d 826)

CARLEY, Judge.

At different times, appellee sold to appellant several items of furniture and appliances. When appellant defaulted on her payment obligations as to the various items, she voluntarily surrendered some of them back to appellee. Appellee then sought a writ of possession from the magistrate's court for the remainder. In the meantime, the items of surrendered property were sold. As to the writ of possession, appellant answered on a form provided by the magistrate's court, placing an "X" in the box by the statement reading "I deny *the allegations* of the complaint because. . . ." (Emphasis supplied.) In the space that followed, appellant wrote: "[Appellee] previously repossessed [several items] and has not credited my account." Appellant subsequently amended her answer and also added a counterclaim. She asserted that appellee's failure to provide the notice required by OCGA §§ 10-1-10 and 11-9-504 (3) served both to bar the instant action as one seeking a deficiency, as well as to authorize a recovery by her of monetary damages pursuant to OCGA § 11-9-507 (1). The magistrate's court granted the writ of possession and denied appellant's counterclaim. Appellant appealed to the superior court for a trial de novo. The superior court granted the writ of possession, from which order appellant applied to this court for discretionary appeal. Appellant's application was granted, resulting in the instant appeal.

1. Appellant contends that the superior court erred in granting the writ of possession because appellee never proved the existence of an enforceable security interest. OCGA § 11-9-203 (1) (a) provides that a security interest is not enforceable against a debtor unless "the debtor has signed a security agreement which contains a description of the collateral. . . ." No evidence of such a security agreement was ever presented to the superior court. Appellee contends that sales invoices, which stated that the sales were subject to a "charge agreement," were sufficient to prove the existence of the security interest. However, the sales invoices were never admitted into evidence in the superior court. Moreover, they do not constitute a security agreement, but merely give notice of the existence of one. In finding the existence

of an enforceable security interest, the superior court erroneously relied on its personal knowledge of appellee's practice. A signed security agreement "is an absolute requisite to the enforceability of the security interest." *McDonald v. Peoples Auto. Loan &c. Corp.*, 115 Ga. App. 483, 487 (154 SE2d 886) (1967). See also *Holloway v. Farmers &c. Bank*, 151 Ga. App. 424 (260 SE2d 380) (1979); *Amoco Oil Co. v. G. Sims & Assoc.*, 162 Ga. App. 307, 309-310 (291 SE2d 128) (1982).

Appellee's contention that appellant did not deny the existence of a security interest in the property is not supported by the record. On the answer form supplied by the magistrate's court, appellant indicated that she "den[ied] *the allegations* of the complaint." (Emphasis supplied.) This pleading must be construed "in the light most favorable to the pleader with all doubts resolved in [her] favor even though unfavorable constructions are possible. [Cit.]" *DeKalb County v. Ga. Paperstock Co.*, 226 Ga. 369, 370 (174 SE2d 884) (1970). Appellant's general denial gave notice to appellee that it would have to prove all the elements of its case. OCGA § 9-11-8 (b) permits such a general denial.

Appellee further asserts that appellant specifically admitted that appellee had a security interest in the goods which it sought to obtain. " 'Where the pleading is inconsistent, the admission, not the denial, prevails. [Cit.]' " *Johnson v. Daniel*, 135 Ga. App. 926, 928 (2) (219 SE2d 579) (1975). Although appellant filled in the blanks following the general denial with the allegation that appellee had "previously repossessed [several items] and has not credited my account," this was not an admission *in judicio* as to the existence of a security interest. It was, at most, an admission of the existence of an account. Moreover, even if the above language could be construed as admitting the existence of a security interest, it would only be an admission that the items originally repossessed were subject to such an interest. Appellee failed to prove the existence of an enforceable security interest in the instant property for which it sought the writ of possession. Accordingly, the superior court erred in granting the writ of possession.

2. Our finding that the evidence failed to show the very existence and terms of any enforceable underlying security interest whatsoever in the instant property serves to render premature any discussion of appellant's further contention that the instant action is barred as an attempt to recover a deficiency for such debt or debts as may have been secured by the property already repossessed and sold. Compare *Reeves v. Habersham Bank*, 254 Ga. 615 (331 SE2d 589) (1985).

3. Appellant enumerates as error the purported denial of her counterclaim by the trial court. However, in her application for a discretionary appeal, appellant did not include a copy of any order of the trial court purporting to deny her counterclaim and, consequently, our grant of appellant's application for a discretionary appeal cannot

be relied upon to secure a review of that issue in the context of the instant appeal. *Jackson v. Stuldivant*, 152 Ga. App. 94 (262 SE2d 642) (1979). Moreover, the record which has been forwarded to this court pursuant to the grant of appellant's application contains no order entered by the trial court denying appellant's counterclaim. See generally *Davis v. Langham*, 170 Ga. App. 346 (317 SE2d 903) (1984); *Merrill v. State*, 128 Ga. App. 403 (196 SE2d 876) (1973). Accordingly, no issue concerning the counterclaim is properly before us.

4. As to the writ of possession, the judgment must be reversed for the reason discussed in Division 1 and a new hearing held.

*Judgment reversed. Case remanded with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 20, 1986.

Linnis I. Cook, Paul E. Kauffmann, Phyllis J. Holmen, John L. Cromartie, Jr., for appellant.
Charles C. Witcher, Shelley Davidson, for appellee.