## 76440. ITT FINANCIAL SERVICES v. GIBSON et al.

(372 SE2d 468)

BIRDSONG, Chief Judge.

ITT Financial Services, appellant, filed a petition for a writ of possession in the Dougherty County State Court, seeking possession of a boat, motor and trailer in which it alleged it had a "security interest." Appellee filed a motion to dismiss on the basis that the petition failed to state a claim. Following a hearing, the trial court entered judgment for appellees, finding that Jerry L. Gibson had borrowed $5,472 from ITT on September 19, 1986, executing a promissory note in that amount to ITT. Thereafter, ITT filed a "financing statement" with the Dougherty County Clerk of Court, on October 22, 1986, in which the collateral was described as: "1985 Bass Hawk Boat; One Hustler boat trailer; One 150 h.p. Mercury boat motor." The trial court also entered a finding of fact that Gibson sold a "1985 Bass Hawk Boat, No. BHF11463F585, one Hustler Trailer No. 1 HUS771JN85004037 and one Mercury Motor, 150 h.p. No. OA166892XR2" to the defendant Kenneth R. Lessard. Gibson defaulted on his loan to ITT and they initiated this petition to obtain possession of the boat, motor, and trailer from Lessard. The trial court found that "plaintiff's financing statement of October 22, 1986, is insufficient under OCGA § 11-9-110 and is thus fatally defective in its effort to describe the boat, motor and trailer," and denied ITT's petition for a writ of possession. This appeal followed. *Held:*

ITT enumerates as error the judgment of the trial court holding the description in its financing statement did not reasonably identify the collateral. Appellee argues, on appeal, that ITT failed to prove an enforceable *security agreement* and the financing statement relied upon by ITT did not contain an adequate description of the boat.

Appellee contends that he filed his motion to dismiss under the authority of OCGA § 9-11-12 (b) (6) (failure to state a claim upon which relief can be granted), and because ITT introduced evidence outside the pleadings, i.e., affidavits, the motion was converted to one for summary judgment. Appellee is correct as to his law (see OCGA § 9-11-12 (c); *Jaynes v. Douglas*, 147 Ga. App. 678 (250 SE2d 14)), but incorrect as to his facts. The trial court never ruled on the motion to dismiss. The trial court's judgment addressed only the appellant's petition for a writ of possession, and that is the only judgment on appeal.

Although ITT's enumerated error regarding sufficiency of the description of the collateral in the "financing statement" may have merit (see OCGA § 11-9-110, *Thomas Ford Tractor v. North Ga. P.C.A.*, 153 Ga. App. 820, 822 (266 SE2d 571)), we do not reach that issue. The promissory note signed by Gibson contained a "Security Agreement" which states: "To secure payment and performance of

the note and all renewals and extensions . . . I grant a security interest to the Secured Party in all the following property (the 'Collateral'): . . . See Collateral List and Valuation dated 9-19-86." The record does not contain a "Collateral List and Valuation" document.

Our Code provides that "a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless: (a) The collateral is in the possession of the secured party pursuant to agreement, or the *debtor has signed a security agreement which contains a description of the collateral. . . .*" (Emphasis supplied.) OCGA § 11-9-203 (1) (a); *Grier v. Skinner's Furn. Store,* 180 Ga. App. 607 (1) (349 SE2d 826). The "collateral" was not in possession of the secured party and there is no evidence of record before us, and presumably the trial court, as nothing was omitted from the record on appeal, to establish a security interest in the security agreement in accordance with the statutory requirement.

" 'The general rule is that "(a) financing statement does not create or impose any personal obligation. A financing statement merely gives notice of the existence of a security interest but in itself does not create a security interest, for which a security agreement is required. . . . A financing statement cannot serve as a security agreement because it does not grant the creditor a security interest in the collateral and does not identify the obligation owed to the creditor." ' " *Amoco Oil Co. v. G. Sims & Assoc.,* 162 Ga. App. 307, 310 (291 SE2d 128); accord *Trust Co. of Columbus v. Associated Grocers Co-Op,* 152 Ga. App. 701 (2) (263 SE2d 676); 1 Anderson, Uniform Commercial Code 469, § 9-402.4 (2d ed. 1971).

A security agreement is required to create a security interest (OCGA § 11-9-105 (1)), and it is not perfected until it meets the requirements of the Uniform Commercial Code (OCGA § 11-9-201), which includes the necessity of a signed "security agreement which contains a description of the collateral." OCGA § 11-9-203 (1) (a); *First Nat. Bank &c. Co. v. McElmurray,* 120 Ga. App. 134, 140 (169 SE2d 720); *Grier,* supra. The "security agreement" in the instant appeal does not contain a "description of the collateral" which was not in the possession of the secured party, and the "financing statement" cannot create a "security interest." Accordingly, appellant did not have a perfected security interest in the so-called collateral, as required by our Code. *McElmurray,* supra at 140. Any attempt to enforce a non-existent "security interest" against a third party is impermissible. Thus, the trial court was correct in denying appellant's petition for a writ of possession, albeit for a different reason. However, a judgment right for any reason will be affirmed. *Orkin Exterminating Co. v. Walker,* 251 Ga. 536, 539 (307 SE2d 914). *Knight v. Stevens Logging,* 173 Ga. App. 359 (326 SE2d 494). " 'A correct deci-

sion of a trial court will not be reversed, regardless of the reasons given therefor.'" *Tony v. Pollard*, 248 Ga. 86, 88 (281 SE2d 557); accord *Adams v. Emory Univ. Clinic*, 179 Ga. App. 620, 621 (347 SE2d 670); *Highsmith v. Knox*, 164 Ga. App. 736 (298 SE2d 41).

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Sognier, Pope and Benham, JJ., concur. Carley and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

Although not a basis for the dissent, it is noted that the appellee is only Lessard. Since Gibson was never served and never entered an appearance, he is not a party and thus the appeal should be styled versus Lessard alone.

The court reaches out to address an issue which the record does not show was raised or ruled on by the trial court. The issue which commanded attention below was whether the financing statement adequately described the collateral. The trial court set a hearing for both the petition and Lessard's motion to dismiss, which was based on alleged inadequacy of the financing statement.

The court "denied" the petition on the ground that the financing statement's description of the collateral failed to satisfy OCGA § 11-9-110. There was no finding of fact concerning the security agreement's description of the collateral nor any record that this was made an issue at trial. No transcript or narrative of the evidence was submitted, but appellant needed none because the court's judgment shows the finding of facts and ruling which formed the issue at trial and is the subject of the legal error complained of.

The basis for this court's opinion is an alleged defect in the security agreement, raised for the first time, insofar as the record shows, in appellee Lessard's brief on appeal. We cannot assume that Lessard questioned the sufficiency at trial, or that ITT was given an opportunity at trial and failed to produce the Collateral List. The trial court made no finding in this regard but dwelt on the financing statement description.

We are a court for the correction of errors of law raised and ruled on by the trial courts. Ga. Const. 1983, Art. VI, Sec. V, Par. III; *Hess Oil &c. Corp. v. Nash*, 226 Ga. 706, 709 (177 SE2d 70) (1970); *Tandy Corp. v. McCrimmon*, 183 Ga. App. 744, 746 (3) (360 SE2d 70) (1987). The sole question before us is whether the trial court erred in denying the writ of possession on the ground that the financing statement did not contain an adequate description of the collateral. We should decide that question, a resolution of which would require reversal. OCGA §§ 11-9-203 (1) (a); 11-9-110; *Thomas Ford Tractor v. North Ga. P.C.A.*, 153 Ga. App. 820 (266 SE2d 571) (1980); *Peoples Bank of Bartow County v. Northwest Ga. Bank*, 139 Ga. App. 264 (228 SE2d

181) (1976).

I am authorized to state that Judge Carley joins in this dissent.

ADDENDUM.

The dissent finds fault with the style of the case on appeal. The appeal is styled in the exact style of the judgment of the trial court.

Exception is taken to the decision on grounds not enumerated as error. "As was stated by Justice Bleckley in *Lee v. Porter*, 63 Ga. 345, 346 (1879): 'It not infrequently happens that a judgment is affirmed upon a theory of the case which did not occur to the court that rendered it, or which did occur and was expressly repudiated. The human mind is so constituted that in many instances it *finds the truth* when wholly unable to *find the way* that leads to it.' From this keen observation of the common sense functioning of the judicial mind, the rule has arisen that 'A correct decision of a trial court will not be reversed, regardless of the reasons given therefor.' *Coker v. City of Atlanta*, 186 Ga. 473 (1) (198 SE 74) (1938)." *Tony v. Pollard*, supra, 88; *Adams v. Emory Univ. Clinic*, supra; *Highsmith v. Knox*, supra.

For this reason, because the trial judge reached a correct decision, we affirmed.

DECIDED SEPTEMBER 6, 1988.

*Betty S. Frazer, William A. Erwin*, for appellant.
*Terry J. Marlowe*, for appellees.