A90A2078. KING v. JAVELIN SOUTHEAST, INC.
(403 SE2d 886)

BANKE, Presiding Judge.

The appellee sued the appellant in magistrate's court seeking to recover the purchase price of a set of tires it had sold him for a 1970 pickup truck. The appellant counterclaimed to recover for certain property damage which the appellee had allegedly caused in installing another set of tires on another vehicle and to recover punitive damages based on allegations that the appellee had "attempted on numerous occasions to extort from [him] the amounts claimed in [the complaint]." Because the punitive damages sought by the appellant exceeded the jurisdictional limits of the magistrate's court, the case was transferred to state court, where it was tried before a jury. The trial court entered a directed verdict against the appellant on his counterclaims, and the jury thereafter returned a verdict in favor of the appellee on its complaint for $317.84, the entire amount sought. The appellant contends on appeal that the trial court erred in granting the appellee's motions for directed verdict on the two counterclaims.

In February of 1987, the appellant purchased a set of tires from the appellee for his 1984 pickup truck. He alleged in his counterclaim that in mounting these tires, the appellee's employees tightened the lug nuts excessively, thereby damaging the stud bolts and wheel rims.

When the appellant brought the matter to the appellee's attention, the appellee disagreed with him about the extent of the damage and suggested that he take the vehicle to Lee Tire Company for another opinion. The appellant did so, and Lee Tire Company found no damage. The appellant then took the truck to another of the appellee's business locations for yet another inspection but left before any such inspection was performed.

The appellant's next contact with the appellee occurred approximately five months later, when he returned to purchase a set of tires for a 1970 truck. The appellant stopped payment on the check which he gave to the appellee for the purchase price of these tires, assertedly because the appellee had installed the wrong size tire on one of the wheels and had refused to correct the mistake. However, when one of the appellee's employees telephoned the appellant to inquire about the matter, he indicated that he had stopped payment on the check to get "even . . . for the damage you did to the other truck."

The appellee filed a series of three actions in magistrate's court seeking to collect for these tires. The first suit was apparently dismissed on the ground that it had not been filed in the name of a legal entity. The appellee then refiled in its correct name, but the marshal was unable to perfect service in that action, and the magistrate consequently entered an order appointing one of the appellee's employees as special agent for service of process. A default judgment was subsequently entered in the action; however, the appellant obtained an order setting aside that judgment based on improper service of process. The appellee then instituted the present action. *Held*:

1. The trial court properly directed a verdict against the appellant on his counterclaim for the alleged damage to his 1984 truck, due to his failure to introduce evidence from which the jury could have calculated the amount of such damages. The appellant's proof in this regard consisted of his own testimony and the testimony of a friend who was a mechanic to the effect that, some two years after the alleged damage occurred, he had paid the mechanic-friend $609 to replace all of the wheel rims, stud bolts, and lug nuts on the vehicle. However, the appellant conceded that he had continued to drive the truck during the two years before this work was performed; and according to the mechanic-friend, the reason the wheel rims needed to be replaced was because "the lugs had been tightened so tight they actually *wallowed* the holes that the lugs seat on." (Emphasis supplied.) It is thus apparent from the appellant's own evidence that the damage to the rims was not attributable solely to the alleged overtightening of the lug bolts but also to his conduct in continuing to drive the vehicle in that condition. Moreover, the mechanic-friend testified that only about 20 of the 32 stud bolts were actually damaged. We hold that this evidence was insufficient to enable the jury to

determine with reasonable certainty the extent to which the repairs in question were necessitated by the appellee's alleged negligence. Furthermore, the appellant failed to present any evidence from which the jury could have determined that the amount of the repair bill did not exceed the value of the vehicle before the occurrence of the alleged tort. See *Knight v. Stevens Logging*, 173 Ga. App. 359, 360 (326 SE2d 494) (1985); *Dixon v. Williams*, 177 Ga. App. 702, 703 (340 SE2d 286) (1986). But see *Simmons v. Boros*, 255 Ga. 524 (341 SE2d 2) (1986).

2. "[O]rdinarily, the question of imposition of punitive damages is for the jury. However, the controlling question . . . is whether there was any evidence to support such an award. . . . Absent wilful misconduct, malice, fraud, wantonness or oppression, there can be no recovery of punitive damages. [Cit.]" *Moon v. Ga. Power Co.*, 127 Ga. App. 524, 527 (194 SE2d 348) (1972). "Allegations of simple negligence, absent a showing of an aggravating circumstance, will not support a claim for exemplary damages." *Ticor Constr. Co. v. Brown*, 255 Ga. 547, 548 (340 SE2d 923) (1986).

The appellant contends in his brief on appeal that "there was sufficient evidence that the cause of damage to the appellant's truck was more than mere negligence, but that there may have been an intent by appellee's employees to cause the injury." However, we have been cited to no support whatever for this contention in the transcript. Accordingly, we hold that the trial court did not err in directing a verdict for the appellee on his claim for punitive damages.

3. The appellant enumerates as error the trial court's refusal "to allow [him] to introduce evidence going to appellee's acts tending to show acts of bad faith while pursuing a civil action against the appellant." The evidence which the appellant sought to introduce was to the effect that the appellee had obtained a default judgment against him in the second action which it had filed against him in magistrate's court, although he was never actually served in that action. The appellant contends that it could be inferred from this evidence that the appellee's employee who was appointed to act as special agent for service of process in that action had executed a false return of service; and he argues that under the Supreme Court's decision in *Yost v. Torok*, 256 Ga. 92, 93 (344 SE2d 414) (1986), such evidence would support an award of damages for malicious abuse of process. However, the default judgment was not set aside based on a determination that the appellant had not been served. Rather, it was set aside based on a determination by the magistrate that "[t]he purported service by plaintiff's agent [was] ineffective as to perfect service on defendant." Furthermore, the Supreme Court's decision in *Yost v. Torok* abolished the tort of malicious abuse of process, substituting for it the tort of abusive litigation, which is defined therein as the assertion of a claim, defense, or other position which "lacks sub-

stantial justification," and/or the "unnecessary expan[sion of] the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures. . . ." Id. at 96. Obviously, the appellee's suit against the appellant for the purchase price of the tires was not lacking in "substantial justification," inasmuch as a jury ultimately returned a verdict in its favor on that claim. Indeed, it strikes this court that if anyone was guilty of abusive litigation in connection with this case, it was the appellant.

4. The appellant contends that the trial court erred in admitting, over his hearsay objection, a written statement from an employee of Lee Tire Company to the effect that he had found no damage to the wheel rims on the appellant's 1984 truck. Inasmuch as this evidence was relevant only to the appellant's counterclaim for such alleged damage, and inasmuch as we have previously held that the trial court properly directed a verdict against the appellant on this counterclaim, we find this enumeration of error to be moot.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 14, 1991.

*Thomas L. Washburn III*, for appellant.
*Greene, Buckley, DeRieux & Jones, Francis S. Schenck*, for appellee.