35268, 35269. STRICKLAND *v*. BAKER *et al.* (two cases).

DECIDED NOVEMBER 16, 1954.

*Ben A. Hodges,* for plaintiffs in error.
*Memory, Barnes & Memory,* contra.

NICHOLS, J. The plaintiffs state in their briefs in this court that the sole question to be determined is whether or not the court erred in refusing the plaintiffs' written request to charge, as set out in the special ground of each motion for new trial, that the employer is not liable for the negligence of an independent contractor, with five of the six exceptions to this rule as set out in Code § 105-502 and in *Atlanta & Fla. R. Co.* v. *Kimberly,* 87 *Ga.* 161, 165 (13 S. E. 277, 27 Am. St. R. 231).

It is contended in each motion that "the allegations of the plaintiff's petition were sufficient to raise the issue as to the relationship that existed between the defendants." But the allegations of the petitions bearing upon the relationship of the defendants are as follows: Baker's truck "was parked by defendant P. B. McCoy, agent of and at the command of defendant Peter Baker, within the scope of said agent's employment and in the prosecution of defendant Peter Baker's business; . . . . Baker turned his truck over to defendant P. B. McCoy for the purpose of driving, operating and parking said truck upon the public streets; . . . acts of carelessness and negligence were committed by the said defendants in the furtherance of defendant Peter Baker's business." The cases pleaded were predicated on the theory that Baker was liable for McCoy's negligence under the principle of respondeat superior. The plaintiffs were entitled to recover, if at all, only upon their case as pleaded and proved, and they did not contend in their pleadings that McCoy

was an independent contractor. The requested charge was not applicable to the pleadings.

Nor was the requested charge adjusted to the evidence, which revealed the following uncontroverted facts: Baker took his truck to McCoy's garage on the day of the collision to have the carburetor adjusted. Baker did not tell McCoy how to fix the carburetor; he instructed McCoy to park the truck on State Street, where he could pick it up the next morning; and he intended to pay whatever McCoy charged for fixing the carburetor. McCoy parked the truck on State Street.

A part of the requested charge was as follows: "The employer may also make himself liable by retaining the right to direct and control the time and manner of executing the work, by interfering with the contractor and assuming control of the work, or some part of it, so that the relation of master and servant arises, or so that an injury ensues which is traceable to his interference." See Code § 105-502 (5).

There was no evidence that Baker retained the right to direct or control the time and manner of executing the work to be done upon his truck, or that he interfered and assumed control of any part of the work. Although the evidence shows that Baker told McCoy to fix the carburetor and to put the truck on the street when he got through with it, these were instructions as to the end results desired, and not as to the means or manner of accomplishing these results.

The requested charge was not entirely applicable to the issues raised by the pleadings and by the evidence, and the court did not err in refusing to submit it to the jury. Accordingly, it was not error to deny the motions for new trial.

*Judgments affirmed. Felton, C. J., and Quillian, J., concur.*