37858. QUICK SHOPS, INC. *v.* OLDHAM *et al.*

DECIDED OCTOBER 27, 1959.

*Fulcher, Fulcher, Hagler & Harper, William C. Reed,* for plaintiff in error.

*Killebrew, McGahee & Plunkett, Paul K. Plunkett, Clarence L. Powell,* contra.

FELTON, Chief Judge. 1. The court erred in denying the motion for a new trial filed by Quick Shops, Inc., based on the general grounds. The case against this defendant was based on two propositions; one, that the defendant had actual knowledge of the defective and dangerous door and failed to warn plaintiff; and two, that the defendant was negligent in failing to keep the approaches to the premises in a safe condition. There is no evidence whatever that the defendant had actual knowedge that the door was defective or dangerous. The evidence did not support a verdict for the plaintiff on the first theory. As to the second theory, there was no evidence as to how the spring device on the door was constructed, nor evidence that it was defectively installed or constructed. The only evidence relied on to support the second theory was entirely circumstantial and amounted to no more than the fact that the door hurt the plaintiff.

There was no evidence that it had even given trouble before. The testimony of Mr. Dye does not by any stretch of the imagination show that the doors were not suited to the use to which they were put or that they, though heavy, were dangerous. The evidence does not authorize the application of the doctrine of res ipsa loquitur for the reason that mechanical devices, such as the one here involved, get out of working order, and sometimes become dangerous and cause injury without negligence on the part of anyone. Any other ruling would make the occupier of premises an insurer. The principal basis for application of the rule of res ipsa loquitur is that the occurrence involved would not have occurred without negligence, and the negligence is charged to the person in exclusive control of the instrumentality. See *Sinkovitz* v. *Peters Land Co.*, 5 *Ga. App.* 788 (2) (64 S. E. 93) ; *Spruell* v. *Ga. Automatic Gas Appliance Co.*, 84 *Ga. App.* 657 (67 S. E. 2d 178) ; *Chenall* v. *Palmer Brick Co.*, 117 *Ga.* 106 (2) (43 S. E. 443). A number of foreign jurisdictions support this conclusion under similar facts. While we do not agree with all of the reasoning in all of them we think citation of them is in order: Ferina *v.* First National Bank, 72 Ohio App. 109 (51 N. E. 2d 36) ; Todd *v.* S. S. Kresge Co., 303 Ill. App. 89 (24 N. E. 2d 899) ; Home Public Market *v.* New Rock, 111 Colo. 428 (142 P. 2d 272) ; Watkins *v.* Taylor Furnishing Co., Inc., 224 N. C. 674 (31 S. E. 2d 917).

2. The court erred in injecting into the case by his charge the issue whether the door was negligently constructed or installed in the absence of evidence to authorize it.

3. For the reasons stated in division 1 the court erred in charging the jury on the doctrine of res ipsa loquitur.

4. The alleged defects in the charge as complained of in grounds 6 and 7 of the amended motion for a new trial will not be passed on as the alleged errors will not likely recur on another trial.

5. It is not necessary to pass on the question whether the grant of a new trial to the codefendant required the grant of a new trial as to Quick Shops, Inc.

The court erred in denying the motion for new trial.

*Judgment reversed. Quillian and Nichols, JJ., concur.*