41315.  UNDERWOOD v. ATLANTA WINN-DIXIE, INC.

ARGUED MAY 4, 1965—DECIDED MAY 13, 1965.

694

Harris, Chance, McCracken & Harrison, Henry T. Chance, Horace M. DuBose, III, for plaintiff in error.

Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler, contra.

NICHOLS, Presiding Judge. The sole question for decision is whether the trial court erred in granting the defendant's motion for a judgment non obstante veredicto.

The plaintiff's petition alleged that the door had no signs to warn against entering it or that it was to be used as an exit only. The petition alleged that the plaintiff pushed the door, entered the store, and that it (the electrically operated door) slammed against her ankle causing her alleged injuries before she was completely inside and away from the entrance.

On the trial of the case the plaintiff testified that she *pushed* the door, walked through the opening, but before she was clear the door slammed against her causing the injury complained of. Such testimony was not, as contended by the defendant, contradictory, and the excerpt from a deposition taken before the trial which showed the plaintiff had testified that she *pulled* the door open when she entered the store was merely impeaching, and did not constitute contradictory statements on the trial of the case which would require a construction of such testimony adverse to her. See in this connection *Molyneaux v. Collier*, 30 Ga. 731 (2); *Phillips v. Howard*, 109 Ga. App. 404, 412 (136 SE2d 473). Nor was the evidence of a prior admission, made at the time of the occurrence, "I should have known better," such as would demand a verdict where the plaintiff testified that: "At the time I didn't know which was in or which was out." See *Faulkner v. Brown*, 92 Ga. App. 602 (89 SE2d 583); *Sims v. Hoff*, 106 Ga. App. 626 (1b) (127 SE2d 679).

The evidence of the manager of the store and a service technician for automatic doors to the effect that the door would not open inwardly was not such as would demand a finding that the door could not open inwardly where the plaintiff testified that she did open the door from the outside by *pushing* it, and there was no real conflict as to whether the doors were marked "in" and "out." The plaintiff's husband testified that they were not marked, the manager of the store did not remember, and the photographs introduced in evidence by the defendant showed no signs marking the doors only for use in entering or leaving the store. The evidence was in conflict as to whether guardrails were in place which would protect a passer-by from being struck by the door when it opened automatically outward.

The plaintiff's petition alleged a lack of warning, as well as knowledge by the defendant of the consequences of a failure to warn. The evidence authorized the finding of a "failure to warn" but there was no evidence of any knowledge of the consequences of such failure to warn or even of the defendant's knowledge that the door would open in the direction that the plaintiff opened such door. In *Quick Shops, Inc. v. Oldham*, 100 Ga. App. 551 (111 SE2d 920), it was pointed out that the mere injury because a door does not operate properly, without negligence, will not authorize a recovery. In the present case the evidence authorized a finding that the operation of the door at the time in question caused the plaintiff's injury but no negligence is shown in the absence of some evidence of knowledge of the defendant that the door, designed to open outward only, was out of repair or would open inward and then slam against the person entering through the door.

The trial court did not err in granting the defendant's motion for judgment non obstante veredicto.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*