41982. PINKERTON'S, INC. v. PALMER, INC.

ARGUED MAY 2, 1966—DECIDED MAY 30, 1966— REHEARING DENIED JUNE 23, 1966—

*Richardson & Chenggis, George G. Chenggis,* for appellant.

*Candler, Cox, McClain & Andrews, E. Lewis Hansen,* for appellee.

FELTON, Chief Judge. The appeal is from the judgment entered in a distress warrant proceeding based upon the direction of a verdict in favor of the plaintiff lessor, Palmer, Inc., against the lessee, Pinkerton's, Inc. The evidence showed that the lessee leased the premises, office space in an office building in Atlanta, for a term of five years, beginning on the 1st day of September, 1960, and ending on the 31st day of August, 1965; that during the last of March, 1965, five months before the expiration of the lease, the tenant vacated the premises and so notified the lessor. The lessor took possession of the premises so vacated and leased them to the Atlanta-Fulton County Economic Opportunity Authority for three years beginning on the 1st day of May, 1965, and ending on the 30th day of April, 1968. The lessor contended that the lessee was indebted to it for rent for the months of April, May, June, July and August, 1965, at the rate of $588.50 a month. As stated, the lessor entered upon the premises after they were vacated and during the months of April and May, 1965, refurbished and renovated the rooms leased to the last lessee in strict accordance with the desires and directions of the last tenant at a cost of $7,381.26. The building manager for Palmer, Inc., testified that even though the repairs made on the rented rooms were made according to specifications of the last tenant, the lessor would have had to spend about the same amount for any other tenant to which the property might have been leased. The gravamen of this case is whether under the 10th provision of the lease between the parties to this case, the defendant lessee was obligated to pay the rent called for by the lease for the months of April through August, 1965. The 10th provision of the lease between the parties is as follows: "Tenth: That in case the lessee shall vacate said premises or abandon the same during the life of this lease, the lessor may, at his option, without terminating this lease, but the lessor shall not be under any obligation so to do, enter into said premises, remove the lessee's signs therefrom, and re-let the same, for the account of the lessee, for such rent and upon such

terms as shall be satisfactory to the lessor, without such re-entry working a forfeiture of the rents to be paid, and the covenants to be performed by the lessee during the full term of this lease; and for the purpose of such re-letting the lessor is authorized to make any repairs, changes, alterations, or additions in or to said demised premises that may be necessary or convenient, and if a sufficient sum shall not be realized monthly from such re-letting, after paying all of the costs and expenses of such repairs, changes, alterations, or additions, and the expenses of such re-letting and the collection of the rent accruing therefrom each month to satisfy the monthly rent above provided to be paid by the lessee, then the lessee will satisfy and pay such deficiency each month upon demand therefor."

For the contention of the lessor in this case to be correct, the repairs made by the lessor after the lessee vacated the premises would have had to be made for the account of the lessee and as its agent for the remaining five months of the lease, in which event the cost of the repairs would have been nominal in view of the circumstances that such a term of rental could not extend beyond five months, and the repairs under no reasonable view of the terms of the lease could have been more than minor improvements and decorations. We think the evidence shows, without contradiction, that the lessor leased the premises for its own account and not for the account of the lessee, because the lease to the second lessee was not for five months but was for three years, and it would be unconscionable to say that any part of the very extensive improvements and renovations was done in behalf of the defendant in this proceeding.

In these circumstances the lessor accepted the breach of the lease by resuming possession of the premises and re-leasing the renovated premises on its own account. It therefore follows that the lessee was not liable for any of the rent sued for in view of the action taken by the lessor, which amounted to a rescission of the contract of the lease on the 1st day of April, 1965.

The court erred in directing a verdict for the lessor and entering up judgment thereon.

*Judgment reversed. Frankum and Pannell, JJ., concur.*