## 49581. TENNEY v. MOBIL OIL CORPORATION.

DEEN, Presiding Judge.

The plaintiff appellant sued Mobil Oil Corporation for damages resulting from personal injuries when an overhead garage door fell, hitting her on the head, as she happened to be passing through. The trial court directed a verdict in favor of the defendant from which this appeal is taken.

1. The plaintiff was an invitee on the premises, and was entering the garage area with express permission from an employee. Immediately after the overhead garage entrance door fell on her, a uniformed station attendant came to her aid, asked if she was hurt, and stated that "the spring on the door, they had had trouble with the door before." There is also testimony that the

door was hanging two or three feet down at the time, from which an inference may arise that it had not been properly locked into open position and was being held in a stationary position only by the counterbalance of the springs.

The trial court would not be authorized to direct a verdict against the plaintiff if any logical inference, construed in favor of the plaintiff, might raise a jury question as to negligence. *Snowball v. Seaboard R. Co.,* 130 Ga. 83 (1) (60 SE 189). "[B]uildings do fall without anyone being to blame. . . But, ordinarily, extraordinary and external causes may be treated as the exception, to be established by the defendant. All that the plaintiff should be required to do in the first instance is to show that the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage; that the accident was of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence. When he has shown this, he has cast a burden on the defendant, who may then proceed to show that the accident was occasioned by a vis major, or by other causes for which he was not responsible." *Chenall v. Palmer Brick Co.,* 117 Ga. 106, 109 (43 SE 443).

The testimony unobjected to that an employee, immediately after the occurrence, stated that there had been trouble with the spring holding the door in place was admissible as a part of the res gestae. It did not absolutely bind the defendant, but, being admissible, it would sustain an inference that service station attendants knew something was wrong with the door when left in a "partly down" position. A jury question was presented as to the negligence of the defendant in maintaining an instrumentality which fell on the plaintiff as she walked under it without any demonstrable cause except that it was in an unlocked or "partly down" condition, and which could not and would not have fallen on her had it been pushed up to the "lock" position. Cf. *Parsons, Inc. v. Youngblood,* 105 Ga. App. 583 (1, 2) (125 SE2d 518) where the petition alleged only that the plaintiff was injured in an unexplained manner when a 12-foot roll of linoleum fell on her as she walked through the store, and it was held

that the question of actionable negligence was for the jury.

2. "[W]hether a witness has such learning and experience in a particular art, science, or profession as to entitle him to be designated as an expert. . . is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless it is manifestly abused." *Carroll v. Hayes,* 98 Ga. App. 450 (105 SE2d 755), cited in *American Fire &c. Co. v. Grizzle,* 108 Ga. App. 496, 498 (133 SE2d 400). Though the record shows that Mr. Maloy had experience in the field of mechanical failures, it is not readily apparent that he had any special expertise regarding overhead doors. See *Ga. R. Co. v. Brower,* 106 Ga. App. 340 (127 SE2d 33). Since it cannot be held as a matter of law that his testimony should have been admitted as expert, the refusal to allow Mr. Maloy to testify as an expert constituted no abuse of the court's discretion.

Moreover, there was no error in preventing Mr. Maloy from giving his opinion as a lay witness. "A witness need not be an expert to testify as to an opinion if sufficient facts are testified to upon which such opinion is based." See Code § 38-1708; *Griffin v. State,* 123 Ga. App. 820, 821 (182 SE2d 498). However, as noted earlier, no evidence was adduced to show that the door had ever fallen before or that the defendant Mobil Oil had been on notice as to any problems with the workings of the unit. And, since the tests were conducted by Mr. Maloy two years after the accident, it was not demonstrated that the conditions at that time were similar to those at the time the accident occurred. Enumeration of error no. 3 is without merit.

The trial court erred in directing a verdict in favor of the defendant.

*Judgment reversed. Bell, C. J., Pannell, P. J., Quillian, Evans and Webb, JJ., concur. Clark, Stolz and Marshall, JJ., dissent.*

Argued September 5, 1974 — Decided December 19, 1974 —

*Roberts, Moore & Worthington, Samuel W. Worthington, III,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Albert W. Stubbs, J. Barrington Vaught,* for appellee.

STOLZ, Judge, dissenting.

Mrs. Tenney was on the premises of the defendant's service station as an invitee, and thus the defendants owed her the duty of exercising ordinary care in keeping the premises and approaches safe. Code § 105-401. The plaintiff, at trial, contended that Mobil Oil failed in its duty. The only evidence presented to support this contention was that the plaintiff was in fact injured. Beyond that, there is no conflict in the evidence, nor any suggestion that the defendant was negligent. "The only evidence relied on . . . was entirely circumstantial and amounted to no more than the fact that the door hurt the plaintiff. There was no evidence that it had even given trouble before." *Quick Shops v. Oldham,* 100 Ga. App. 551, 555 (111 SE2d 920). "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code Ann. § 110-104.

It is urged that a statement by an employee of the filling station immediately after the occurrence, that there had been trouble with the springs on the door before, the implication of which is that the defendant had knowledge that the springs on the door were weak, was part of the res gestae and was sufficient evidence to allow the case to go to the jury. I do not agree. The principal is bound by the acts *of its agent* acting within the scope of his authority. Code § 4-302. The admissions *by an agent* during the existence and in pursuance of his agency, are admissible against the principal. Code § 38-406. This is true because the agent is the alter ego of the principal while acting within the scope of his authority. See *Krogg v. Atlanta & W. P. R.,* 77 Ga. 202 (4 ASR 77). However, in the case before us, the statement was allegedly made by an unnamed employee of the filling station. Was such employee *an agent* of Mobil Oil? The cases say "No." See *Bazemore v. MacDougald Const. Co.,* 85 Ga. App. 107, 110

(68 SE2d 163) and cit. See also *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635 (3b) (182 SE2d 153). The alleged statement by the employee could not bind the defendant.

It is further urged that, under the doctrine of res ipsa loquitur, the issue should have been submitted to the jury. Again, I must disagree. In *Quick Shops v. Oldham,* supra, a case in many respects similar to the one before us, this court granted a motion for new trial on general grounds where there had been a jury verdict and judgment for the plaintiff. In so doing, the court stated, on p. 556, that, "The evidence does not authorize the application of the doctrine of res ipsa loquitur for the reason that mechanical devices, such as the one here involved, get out of working order, and sometimes become dangerous and cause injury without negligence on the part of anyone. Any other ruling would make the occupier of premises an insurer." See also *Underwood v. Atlanta Winn-Dixie,* 111 Ga. App. 693 (143 SE2d 25); *Darlington Corp. v. Finch,* 113 Ga. App. 825 (149 SE2d 861).

The factual circumstances presented sub judice are manifestly different from those in *Chenall v. Palmer Brick Co.,* 117 Ga. 106 (43 SE 443), where a brick arch fell, causing injury, as to make that case inapplicable.

I am authorized to state that Judges Clark and Marshall concur in this dissent.