### 57375. ROGERS v. ECKERD DRUGS OF GEORGIA, INC. et al.

BANKE, Presiding Judge.

The appeal is from a verdict for the defendants, Eckerd Drugs of Georgia, Inc., and Rafael Benitez, d/b/a R. B. Maintenance, in a "slip and fall case." The complaint alleged that the plaintiff slipped on an accumulation of floor conditioner in one of Eckerd's stores, causing permanent injuries. Benitez is the owner of a service firm which is alleged to have been negligent in applying the conditioner, in failing to remove the excess properly, and in failing to post warning signs. Eckerd is alleged to have been negligent in failing to warn the plaintiff of the danger and in allowing the dangerous condition to remain.

The plaintiff testified that after he fell, with one of the store's employees about five feet from him, he observed that the floor had splotches and a muddled looking color. There was testimony concerning the

manner in which the floor conditioner had been applied on the night before the incident by defendant Benitez' custodial service. The jury returned a verdict for the defendants, and the plaintiff appeals the denial of his motion for new trial. *Held*:

1. The first two enumerations of error are directed towards the trial court's charge on defendant Eckerd's duty to protect its invitees against hazardous conditions existing on the premises. The plaintiff complains that the trial judge improperly charged the jury that in order to find for him they had to find that Eckerd had "actual notice" of the hazardous condition. However, the transcript shows that the court correctly charged that Eckerd could be held liable if it had either actual or constructive notice of the hazardous condition and failed to exercise ordinary care in remedying it. See *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342 (226 SE2d 142) (1976); *Wootton v. City of Atlanta,* 101 Ga. App. 779 (115 SE2d 396) (1960). These enumerations of error are without merit.

2. The plaintiff contends that the lower court erred in allowing defense counsel to cross examine him concerning previous accidents in which he had been involved. It is asserted that it was error to allow evidence about the injuries which he had sustained in the previous accidents without first establishing the degree and type of injury by expert testimony, and also that the "other transactions" rule (Code § 38-202) was violated. It is the general rule in tort injury cases that similar acts or omissions on different occasions are not admissible, *Hawkins v. Benton Rapid Express, Inc.,* 82 Ga. App. 819 (62 SE2d 612) (1950), "unless the nature of the action . . . renders necessary or proper the investigation of such conduct." Code § 38-202. In this case the trial judge meticulously confined the limits of the cross examination to testimony relevant to damages, and properly instructed the jury as to the limited purpose for which the evidence was admitted. In any event, the verdict for the defendant renders harmless any possible error going only to the question of damages. *Lewyn v. Morris,* 135 Ga. App. 289 (217 SE2d 642) (1975).

3. The plaintiff complains that deposition

statements of defendant Benitez, admitted only for the purpose of impeachment, were improperly ruled inadmissible as the basis for a hypothetical question for the plaintiff's expert witness. Facts used in the question must have evidentiary foundation at the time they are propounded, *English v. Milby,* 233 Ga. 7 (209 SE2d 603) (1974), and must be facts established in evidence. *Norman v. Allen,* 118 Ga. App. 394 (163 SE2d 859) (1968). "Though declarations made out of court by a witness may be used to impeach the witness, they cannot be treated as substantive evidence to establish the facts which they affirm. . ." *Watts v. Starr,* 86 Ga. 392 (12 SE 585) (1890); *Brock v. Avery Co.,* 99 Ga. App. 881, 888 (110 SE2d 122) (1959). This enumeration of error is without merit.

4. Two enumerations of error complain of the admission of certain hospital records containing hearsay. It is clear that the documents were admitted for the purpose of impeachment of the plaintiff's testimony concerning his health and employment history. It was admissible for this purpose. See *State Hwy. Dept. v. Raines,* 129 Ga. App. 123 (199 SE2d 96) (1973). The question is academic in any event as the evidence addressed the issue of damages. The jury found against the plaintiff on the question of liability, rendering harmless any error in this regard. See *Christiansen v. Robertson,* 139 Ga. App. 423 (228 SE2d 350) (1976).

5. A petition filed by plaintiff in an earlier lawsuit which also tended to impeach his testimony in the instant case concerning his damages was also admissible. *Krasner v. Lester,* 130 Ga. App. 234 (202 SE2d 693) (1973).

6. The last error enumerated complains that comparative negligence was improperly charged although it was not in issue. There was evidence to show that negligence on the part of appellant could have contributed to his fall. Hence, the charge was proper. See *Bentley v. Ayers,* 102 Ga. App. 733 (117 SE2d 633) (1960).

*Judgment affirmed. Underwood and Carley, JJ., concur.*

ARGUED MARCH 5, 1979 — DECIDED MAY 3, 1979.

*Long & MacDowell, Nick Long, Fred MacDowell,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Palmer Ansley, Clyde E. Rickard, III, Rosa Beatty Lord, Henning, Chambers & Mabry, Eugene P. Chambers, Jr.,* for appellees.