74198. JOHNSON et al. v. DALLAS GLASS COMPANY, INC. et al.

(359 SE2d 448)

McMURRAY, Presiding Judge.

Plaintiffs Jesse Johnson and Sarah Johnson filed an action to recover damages for personal injuries and property loss allegedly caused by defendant W. F. Johnson. Dallas Glass Company, Inc. (Dallas Glass) was included as a party defendant based on the doctrine of respondeat superior. In their complaint, plaintiffs alleged, in pertinent part, as follows: "On or about August 1, 1983, [defendant Johnson] was working on an automobile owned by [Dallas Glass] and did leave the engine running while working on said car. [Defendant] was negligent in failing to chock the wheels of said vehicle or to otherwise make sure said vehicle was secure . . . As a result of [defendant Johnson's] negligence, the automobile did roll and strike the vehicle owned by Plaintiff, JESSE JOHNSON, and did cause the Johnson vehicle to strike Plaintiff, SARAH JOHNSON, causing her great bodily injury and causing her to suffer great pain of body and mind and has incurred medical expenses for medical attention and hospitalization in an amount in excess of $9,000.00 and are continuing . . . Plaintiff JESSE JOHNSON did suffer the loss of his automobile due to the negligence of the Defendants and has been damaged in the amount of $600.00."

Dallas Glass answered and admitted that defendant W. F. Johnson was "working on" an automobile it owned and that defendant "did leave the engine running while working on said car." Dallas Glass denied all other material allegations of plaintiffs' complaint. Defendant W. F. Johnson filed a separate answer and denied all material allegations of the plaintiffs' complaint.

At trial, the evidence disclosed that a vehicle, which was unoccupied, traveled from Dallas Glass' parking lot to a parking lot where Jesse Johnson's automobile was parked and struck Mr. Johnson's car, thus causing the damages alleged by plaintiffs. Plaintiffs presented no evidence regarding the circumstances surrounding the "runaway" vehicle. Further, the only evidence presented at trial regarding the identity of the "unmanned" automobile was that it was a "Ford" that traveled from Dallas Glass' parking lot.

Upon the close of plaintiffs' case, the trial court granted defendants' motions for directed verdict. Plaintiffs appeal. *Held:*

1. In their second enumeration of error, plaintiffs contend "[t]he trial court erred in granting a directed verdict as to [Dallas Glass and

defendant W. F. Johnson's] liability." In their brief, plaintiffs concede that they relied on the doctrine of res ipsa loquitur to prove negligence; and, from this basis, plaintiffs argue that the evidence presented at trial was sufficient to support an inference that defendant W. F. Johnson was negligent.

"The doctrine of *res ipsa loquitur* is typically used to supply a deficiency of proof as to negligence. *General Motors Corp. v. Muncy*, 367 F2d 493 (5th Cir. 1966), *cert. denied*, 386 U. S. 1037, 87 S.Ct. 1476, 18 LE2d 600 (1967). It operates to permit an inference of negligence when the evidence does not directly establish how the injury occurred." *Kicklighter v. Nails by Jannee*, 616 F2d 734, 740 (5th Cir. 1980). "Under Georgia law . . . *res ipsa loquitur* is a rule of evidence which allows the jury to infer, from circumstantial evidence, negligence on the part of the defendant. *Parker v. Daily*, 226 Ga. 643, 645, 177 SE2d 44 (1970); *Macon Coca-Cola Co. v. Chancey*, 101 Ga. App. 166, 168-169, 112 SE2d 811, aff'd, 216 Ga. 61, 114 SE2d 517 (1960). . . . Under Georgia law, the doctrine of *res ipsa loquitur* applies when the following elements are present: (1) the injury must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) *the injury must be caused by an agency or instrumentality within the exclusive control of the defendant*; (3) the injury must not have been due to any voluntary action or contribution on the part of the plaintiff. *Richmond Hospital Authority v. Hines*, 121 Ga. App. 537, 174 SE2d 364 (1970); *Macon Coca-Cola Co. v. Chancey*, supra." (Emphasis supplied.) *Kicklighter v. Nails by Jannee*, 616 F2d 734, 739, supra.

In the case sub judice, although Dallas Glass admitted in its answer to plaintiffs' complaint that defendant W. F. Johnson was "working on" its vehicle on the day of the collision, defendant W. F. Johnson denied this allegation and at trial plaintiffs submitted no evidence showing that their damages "were caused by an agency or instrumentality within the exclusive control of defendant" at the time of the collision. Consequently, there was not sufficient evidence to apply the doctrine of res ipsa loquitur. Neither was there any other evidence to sustain a finding of negligence on the part of defendant W. F. Johnson.

"Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50 (Code Ann. § 81A-150). In reviewing grant of a directed verdict . . . we must decide whether all the evidence demanded it, or whether there was some evidence supporting the verdict of the jury. *Bryant v. Colvin*, 160 Ga. App. 442 (287 SE2d 238) (1981)." *Pendley v. Pendley*, 251 Ga. 30 (1), 31 (302 SE2d 554). In the case sub judice, since there was no evidence presented at trial to sup-

port a finding that defendant W. F. Johnson was negligent, the trial court did not err in granting a directed verdict in favor of defendant W. F. Johnson. See *Hospital Auth. of St. Marys v. Eason*, 222 Ga. 536 (1) (150 SE2d 812).

Next, we turn to plaintiffs' claim that Dallas Glass was responsible for plaintiffs' injuries based on the doctrine of respondeat superior. "This maxim means that a master is liable in certain cases for the wrongful acts of his servant, and a principal for those of his agent. [Cits.]" Black's Law Dictionary 1475 (4th ed. 1951). From this definition, it is apparent in the case sub judice that Dallas Glass' liability to plaintiffs is derivative of defendant W. F. Johnson's negligent acts, if any. Consequently, since plaintiffs failed to present evidence showing that defendant W. F. Johnson's negligence was the cause of their damages, the trial court did not err in granting a directed verdict in favor of defendant Dallas Glass.

Another reason the trial court did not err in directing a verdict in favor of Dallas Glass is that plaintiffs failed to present evidence showing that defendant W. F. Johnson was acting in any capacity on behalf of Dallas Glass. See *Strickland v. Baker*, 91 Ga. App. 97 (84 SE2d 851), and *Studstill v. American Oil Co.*, 139 Ga. App. 54 (228 SE2d 8).

2. Plaintiffs contend in their third enumeration of error that "[t]he trial court erred in not admitting [their] Exhibit P-3 (Police report)." The most glaring reason this enumeration of error is without merit is that plaintiffs offered no basis for entering this document into evidence. "Any individual who is familiar with the method of keeping records and can identify them may lay the foundation required by OCGA § 24-3-14 (b). *Cotton v. John W. Eshelman & Sons*, 137 Ga. App. 360, 362 (223 SE2d 757). . . . See *Pickett v. State*, 123 Ga. App. 1 (2) (179 SE2d 303) in which this court held a police report may be a business entry, as contemplated by OCGA § 24-3-14 (b), where a proper foundation is laid." *Reed v. Heffernan*, 171 Ga. App. 83 (1) (a), 84 (318 SE2d 700). In the case sub judice, a proper foundation was not laid for the introduction of the police report into evidence.

3. In light of our holding in Divisions 1 and 2 of this opinion, it is unnecessary to address the issues raised in plaintiffs' remaining enumerations of error.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JULY 8, 1987.

*William T. Cox, Jr.*, for appellants.

C. Michael Evert, Jr., J. Kenneth Moorman, for appellees.