A89A1382. ELLIS v. SEARS ROEBUCK & COMPANY et al.

(388 SE2d 920)

CARLEY, Chief Judge.

Appellant-plaintiff slipped and fell while ascending an escalator located in a store owned by appellee-defendant Sears Roebuck & Company (Sears). The escalator had been designed, installed, and maintained by appellee-defendant Montgomery Elevator Company (Montgomery). Appellant brought an action against appellees, seeking to recover for the personal injuries she allegedly sustained in her fall. The case was tried before a jury. At the close of appellant's evidence, both appellees moved for a directed verdict. The trial court granted the motions and appellant appeals.

1. Viewed in the light most favorable to appellant, the evidence adduced at trial shows that she fell backward while ascending the escalator. She testified that her fall was caused by a malfunction of the moving handrails. According to appellant, the left handrail stopped moving, but the right handrail continued to move and, as she held onto both the moving and the non-moving handrails, she was twisted around and back and lost her balance. Appellant's husband had ascended the same escalator some ten or fifteen minutes earlier and had had a similar experience which nearly caused him to lose his balance. He testified that, after his experience, he informed an employee of appellee Sears of the malfunctioning escalator.

Appellant concedes that, as against appellee Montgomery, she adduced no direct evidence of any negligent act or omission in the design, installation or maintenance of the escalator. She urges, however, the principle of res ipsa loquitur was applicable and that the trial court therefore erroneously directed a verdict in favor of appellee Montgomery.

" 'Negligence is not to be presumed, but is a matter for affirmative proof. [Cits.]. . . .' " *Worth v. Orkin Exterminating Co.*, 142 Ga. App. 59, 62 (3) (234 SE2d 802) (1977). " 'The expression "res ipsa loquitur" means that the transaction speaks for itself. It is a rule of evidence which allows an inference of negligence to arise from the happening of an event causing an injury to another where it is shown that "the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage" and "the accident was a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence." [Cit.] The rule is one of necessity in cases where there is no evidence of consequence showing negligence on the part of the defendant. [Cits.]' " *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 525 (3b) (317 SE2d 853) (1984). However, the evidence in the instant case "does not authorize the application of the doctrine . . . for the reason that mechanical devices, such as the one here in-

volved, get out of working order, and sometimes become dangerous and cause injury without negligence on the part of anyone. Any other ruling would make the occupier of premises an insurer. The principal basis for application of the rule of res ipsa loquitur is that the occurrence involved would not have occurred [but for] negligence, and [this] negligence [may properly be] charged to the person in exclusive control of the instrumentality. [Cits.]" *Quick Shops v. Oldham*, 100 Ga. App. 551, 556 (1) (111 SE2d 920) (1959). See also *Darlington Corp. v. Finch*, 113 Ga. App. 825, 827 (149 SE2d 861) (1966). Since the malfunction in the escalator certainly *could* have resulted without any negligent act or omission on the part of anyone, the principle of res ipsa loquitur is inapplicable. See generally *Hospital Auth. of St. Marys v. Eason*, 222 Ga. 536, 541 (1) (150 SE2d 812) (1966). There being no evidentiary basis upon which the trior of fact could have found fault on the part of appellee Montgomery, the trial court correctly directed a verdict in its favor. See *Johnson v. Dallas Glass Co.*, 183 Ga. App. 584, 586 (1) (359 SE2d 448) (1987).

2. Pretermitting a lack of evidence as to the *cause* of the purported malfunctioning of the escalator, appellee Sears, as the owner of the premises, may nevertheless be held liable for the injuries that appellant sustained if it had superior actual or constructive knowledge of the *existence* of that malfunction and failed to exercise ordinary care either to correct the problem or to warn appellant of it. See generally OCGA § 51-3-1; *Rogers v. Eckerd Drugs*, 149 Ga. App. 788, 789 (1) (256 SE2d 130) (1979).

If the evidence showed only that the escalator had been malfunctioning for a ten-to-fifteen-minute period prior to appellant's fall, a recovery based upon appellee Sears' constructive knowledge would not be authorized. See generally *Mazur v. Food Giant*, 183 Ga. App. 453 (1) (359 SE2d 178) (1987). The evidence shows, however, that, during that period of time, appellee Sears had *actual* knowledge that its escalator was malfunctioning. The evidence would authorize a finding that appellant's husband had informed an employee of appellee Sears of the malfunctioning escalator some ten-to-fifteen minutes before appellant fell. We cannot say that a landowner who has actual knowledge for a ten-to-fifteen-minute period that an escalator on its premises is malfunctioning is, as a matter of law, not negligent when it fails either to correct that potentially dangerous condition by stopping the malfunctioning escalator or otherwise, in the alternative, to warn its patrons of the existence of the potentially dangerous condition. "Under [OCGA § 51-3-1] the owner or occupier of the land is liable in damages to those expressly or impliedly invited upon the premises for such damage as is occasioned by his failure to exercise ordinary care to keep the premises and approaches safe. Ordinary care or diligence is defined in [OCGA § 51-1-2] as that degree of care

which is exercised by ordinarily prudent persons under the same or similar circumstances. A legion of decisions by this court [has] pronounced the rule that questions of negligence and diligence are ordinarily referred to the jury for settlement. Thus, such questions are for the jury, and the courts will decline to solve them . . . except in plain, palpable, and indisputable cases. [Cits.] Where reasonable minds might disagree as to whether the alleged acts [or omissions] constitute an action of negligence, a question for the jury is presented. [Cit.] Negligence is a question particularly for the jury. [Cit.]" *Knowles v. LaRue*, 102 Ga. App. 350, 352 (116 SE2d 248) (1960).

Appellee Sears makes a "right for any reason" argument based upon the following alternative ground which was raised in, but rejected by, the trial court as a basis for the grant of the motion for a directed verdict: "[N]ot a single doctor testified that he could tell with any degree of medical certainty that [appellant] sustained any injury from this alleged fall. So [appellee Sears'] contention . . . is that there is no competent evidence whatsoever that she sustained any injury from this alleged fall." According to appellee Sears, this alternative ground was meritorious and would render the trial court's grant of its motion for a directed verdict a correct ruling. A review of the record shows, however, that this alternative ground was without merit and would not have authorized the grant of appellee Sears' motion for a directed verdict. See generally *National Dairy Prod. Corp. v. Durham*, 115 Ga. App. 420 (154 SE2d 752) (1967).

3. Appellant enumerates as error the exclusion of testimony by an employee of appellee Sears. The record clearly shows that this witness had no personal knowledge of any fact relevant to appellant's fall or to appellee Sears' liability. Accordingly, the trial court did not err in excluding the irrelevant testimony.

4. The grant of a directed verdict in favor of appellee Montgomery is affirmed. The grant of a directed verdict in favor of appellee Sears is reversed.

*Judgment affirmed as to appellee Montgomery and judgment reversed as to appellee Sears. McMurray, P. J., Banke, P. J., Birdsong, Pope and Benham, JJ., concur. Deen, P. J., Sognier and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent with respect to Division 2. There is no evidence, either direct or circumstantial or reasonably inferable, that Sears had actual knowledge of the hazardous malfunction for as much as 10 to 15 minutes before plaintiff's fall.

Her husband Joe only testified that it was "at least 15 minutes" from the time he told the Sears employee about the malfunction and the time he went up the escalator again and discovered plaintiff had

been injured. Her fall occurred "within that 15 minutes," he affirmed. He did not have any difficulty with the escalator when he went up it the second time, and he did not know whether the left handrail was working properly then or not.

The Sears employee whom Joe testified he informed was not called as a witness. There is no evidence of who the employee was or what he could have done.

George Ellis, who was with plaintiff when she fell, simply stated that he sat on the couch on the lower floor near the escalator "anywhere from 10 to 15 minutes" before he went up it with plaintiff and others and she fell. George's period of time is not connected by any evidence to the time Joe said he gave actual notice to the Sears employee. There is no evidence that he sat down on the couch at the same time (or before or after) Joe was informing the Sears employee.

The jury could only find as fact that Sears had actual knowledge for a period of *less than* 15 minutes before plaintiff's fall, given that she fell some time *after* Joe advised the employee and some time *before* Joe returned to find her already injured.

The proprietor must have a reasonable opportunity, timewise, to take corrective action once it learns of an unsafe condition on the premises. *Fulton-DeKalb County Hosp. Auth. v. Estes*, 187 Ga. App. 120 (369 SE2d 262) (1988); *Mitchell v. Food Giant*, 176 Ga. App. 705 (337 SE2d 353) (1985). Plaintiff has the burden of showing that the defendant she seeks to place blame on had such a reasonable opportunity. *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 530 (4a) (317 SE2d 853) (1984). As stated succinctly in the latter case: "Where a dangerous condition is not permanent but must have existed for only a limited time prior to the occurrence, the rule is applicable that the defective condition must be shown to have existed for a sufficient period of time for the defendant to have discovered *and* remedied it. [Cits.] . . . The burden [is] on the plaintiffs to show that it was in existence a sufficient period of time for the defendant to have discovered it *and* taken appropriate action. For, unless there was such a time span then the defendant's nonaction would be inconsequential." (Emphasis supplied.) Id. at 530, 531.

Here, as a matter of fact, Sears had less than 15 minutes, so as a matter of law, it did not have such an opportunity as to allow the jury to find that it breached its duty to keep the premises safe. The proprietor is not required to patrol the premises continuously in the absence of facts showing the premises are unusually dangerous. *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980); *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342 (4) (226 SE2d 142) (1976). Since it appears that Sears had knowledge of this hazardous condition for less than 15 minutes before the incident complained of, there is no actionable negligence on its part in failing to provide a remedy so as

to prevent plaintiff from succumbing to the hazard. *Mazur v. Food Giant*, 183 Ga. App. 453 (1) (359 SE2d 178) (1987).

Consequently, a directed verdict was proper. *Smith v. Morico*, 166 Ga. App. 737 (305 SE2d 465) (1983); *Halligan v. Underwriters at Lloyd's*, 102 Ga. App. 905 (118 SE2d 107) (1960); *Johnson v. Dallas Glass Co.*, 183 Ga. App. 584 (359 SE2d 448) (1987). The trial court was correct, but for the reason explained above rather than for the reason it gave. See *Lee v. Porter*, 63 Ga. 345, 346 (1879); *Coker v. City of Atlanta*, 186 Ga. 473, 475 (1) (198 SE 74) (1938); *Adams v. Emory Univ. Clinic*, 179 Ga. App. 620, 621 (347 SE2d 670) (1986).

I am authorized to state that Presiding Judge Deen and Judge Sognier join in this dissent.

DECIDED DECEMBER 4, 1989.

*McKenney & Froelich, William J. McKenney, David R. Moore,* for appellant.

*Alston & Bird, Ronald L. Reid, Lokey & Bowden, Glenn Frick,* for appellees.