A99A1473. NOBLE et al. v. NIEZNANY.
(521 SE2d 472)

</div>

BARNES, Judge.

James Noble and G. Carey Nelson (collectively "Noble") sued Steve Nieznany for damages, claiming their boat was completely destroyed by fire as a result of Nieznany's negligence in maintaining his boat. The trial court granted summary judgment to Nieznany, and Noble appeals. Because we conclude Nieznany was entitled to summary judgment as a matter of law, we affirm.

> When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. Further, when reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence.

(Citations and punctuation omitted.) *Franklin v. Consolidated Govt. of Columbus*, 236 Ga. App. 468 (512 SE2d 352) (1999).

Viewed in this light, the record shows that in September 1995, Steve Nieznany bought a 1974 houseboat. At the time of purchase, Nieznany visually inspected the boat and it appeared to be in good condition. Shortly after buying the boat, Nieznany went into the engine compartment to check the condition of the hoses, noticed a rubber fuel hose looked flat, and replaced it. According to Nieznany, the other fuel lines in the engine compartment were very clean and in good condition. A few weeks later, Nieznany went into the engine compartment twice: once to check the oil in the engine and once to check the oil in the generator.

Nieznany testified that he did not usually take the houseboat out on the lake; instead, he would use it "practically every weekend" while it remained tied to the dock. He further testified that he started the houseboat's engine and generator only two or three times after his purchase and experienced no mechanical problems. Finally, he testified that it was his normal practice, at some point on weekends when he used the houseboat, to lift the hatch to the engine compartment and look for rainwater or anything else that might harm the engine.

On May 3, 1996, around 7:00 p.m., Nieznany arrived at his houseboat, which was docked at the Lake Allatoona Park Marina. Since he did not plan to take his houseboat on the lake that evening, Nieznany did not open the hatches, turn on the blowers, or start the engine. About 15 minutes after arriving at his houseboat, Nieznany walked into the kitchen area and turned on the air conditioner. He heard its usual start-up noise, followed by an immediate explosion. As the floor exploded upward, the refrigerator fell on top of Nieznany. A few minutes after his friends carried him off of the boat, someone discovered a fire that spread and destroyed several boats, including Noble's. Before the explosion, Nieznany had not smelled any gas fumes.

The parties agree that the explosion was probably caused by a corrosion crack in the copper fuel line running from the gasoline tank to the boat engine. This crack lay underneath a rubber grommet and a clamp. A county fire investigator and a private fire investigator both concluded that a gasoline leak from the crack allowed gas fumes to accumulate in the boat hull, and an electrical contact or short in turn probably caused the subsequent explosion and fire. The private fire investigator also concluded that, based upon the location of the crack, it would have been impossible for an ordinary visual inspection to reveal the presence of the crack.

In this appeal, Noble claims the trial court held they could not recover unless the doctrine of res ipsa loquitur applied and that the trial court erred by failing to consider evidence that Nieznany failed to exercise ordinary care. We disagree.

1. The trial court properly determined that there was no evidence that Nieznany failed to exercise ordinary care. The undisputed evidence shows that the fuel line crack that caused the explosion could not be detected by an ordinary visual inspection. Noble's argument that a fact issue is created by Nieznany's failure to open the engine compartment hatch before turning on the air conditioner is without merit. Nieznany did not plan to or actually start the engine that evening, the air conditioner was not located in the engine compartment, and it did not draw power from the houseboat's engine or generator when the houseboat was docked.

2. We further find that the trial court properly concluded that the doctrine of res ipsa loquitur could not be used to preclude summary judgment in favor of Nieznany. The doctrine of res ipsa loquitur is a rule of evidence that

> allows an inference of negligence to arise from the happening of an event causing injury to another where it is shown that the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage and the accident was a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence.

(Citations and punctuation omitted.) *U. S. Fidelity &c. Co. v. J. I. Case Co.*, 209 Ga. App. 61, 64 (432 SE2d 654) (1993).

Here, the trial court correctly concluded that the doctrine does not apply because the accident could have occurred in the absence of Nieznany's negligence. See *Walter v. Orkin Exterminating Co.*, 192 Ga. App. 621, 624 (2) (385 SE2d 725) (1989).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 9, 1999.

*Jenkins & Nelson, Peter R. Olson, Robert W. Lamb*, for appellants.

*Swift, Currie, McGhee & Hiers, Michael H. Schroder, Eleanor L. Martel*, for appellee.