**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**December 27, 2013**

# In the Court of Appeals of Georgia

A13A1877. LAW v. BIOLAB, INC.                                  JE-092

ELLINGTON, Presiding Judge.

Michael Law brought this action in the State Court of Gwinnett County against BioLab, Inc., alleging that he was injured when he inhaled fumes released by a fire at BioLab's chemical storage facility. Following a hearing, the trial court granted BioLab's motion for summary judgment, and Law appeals. For the reasons explained below, we affirm.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). A defendant who will not

bear the burden of proof at trial can demonstrate that there is no genuine issue of material fact

> by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. Thus, the rule with regard to summary judgment is that a defendant . . . need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 623-624 (1) (a) (697 SE2d 779) (2010).

So viewed, the record shows the following. BioLab manufactures water treatment products for swimming pools, spas, and other uses. On May 25, 2004, a fire occurred in one of the warehouses at BioLab's facility in Conyers, where many

2

millions of pounds of materials, including chlorine compounds, were stored. Law deposed that he was exposed to harmful gas from the BioLab distribution center fire on May 25-26, 2004. Law's treating physician deposed that Law's pulmonary function tests show minimal asthma and a moderate impairment in diffusion capacity, conditions which are consistent with inhalation gas exposure.

In moving for summary judgment, BioLab argued, inter alia, that there is no evidence that the fire resulted from negligence that can be attributed to BioLab. In response, Law argued that BioLab made an admission of liability when one of its vice presidents told a newspaper reporter, "We want to apologize profusely for the disruption we've caused." In addition, Law argued that an inference of negligence is authorized under the doctrine of res ipsa loquitur.

1. Under Georgia's Evidence Code, an out-of-court statement offered against a party will not be excluded under the rule against hearsay if the statement constitutes an admission. OCGA § 24-8-801 (d) (2) (A) (effective January 1, 2013)[1]; see Paul S.

_____

[1] We note that the hearing on BioLab's motion for summary judgment took place on March 7, 2013. See Ga. L. 2011 pp. 99, 214, § 101 (The provisions of Georgia's new Evidence Code apply "to any motion made or hearing or trial commenced on or after [January 1, 2013.]").

3

Milich, Georgia Rules of Evidence, § 18.10 (database updated October 2012). An admission is, inter alia,

> (C) [a] statement by a person authorized by the party to make a statement concerning the subject [or] (D) [a] statement by the party's agent or employee . . . concerning a matter within the scope of the agency or employment, made during the existence of the relationship[.] . . . The contents of the statement shall be considered but shall not alone be sufficient to establish the declarant's authority under subparagraph (C) of this paragraph [or] the agency or employment relationship and scope thereof under subparagraph (D) of this paragraph[.]

OCGA § 24-8-801 (d) (2). Even if a vague public relations apology for "the disruption" could be construed as an admission of negligence in causing the fire, Law has not identified any evidence that the statement concerned subject matter that the speaker would know by virtue of his duties. See Paul S. Milich, Georgia Rules of Evidence, § 18.10 (database updated October 2012) (For a statement to be admissible under OCGA § 24-8-801 (d) (2) (C) or (D), the subject matter of the statement must relate to what the employee would know because of the employee's job duties.). Accordingly, the newspaper article contained no admission of negligence.

2. The expression "res ipsa loquitur"

4

means that the transaction speaks for itself. It is a rule of evidence which allows an inference of negligence to arise from the happening of an event causing an injury to another where it is shown that the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of[,] the thing doing the damage and [that] the accident was a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence

(Citation and punctuation omitted.) *Evans v. Heard*, 264 Ga. 239, 240 (442 SE2d 753) (1994). See also *Doyle v. RST Constr. Specialty*, 286 Ga. App. 53, 56 (648 SE2d 664) (2007) (The plaintiff must establish three elements for the doctrine of res ipsa loquitur to apply: "(1) the injury ordinarily would not occur in the absence of negligence; (2) the injury was caused by an agent or instrument within the defendant's exclusive control; and (3) the injury was not due to any voluntary action or contribution on plaintiff's part.") (citation omitted). "The principal basis for application of the rule is that the occurrence involved would not have occurred but for negligence, and this negligence may properly be charged to the person in exclusive control of the instrumentality." (Citation and punctuation omitted.) *Persinger v. Step By Step Infant Dev. Ctr.*, 253 Ga. App. 768, 770 (560 SE2d 333) (2002). "[R]es ipsa loquitur should be applied with caution and only in extreme cases[.]" *Hosp. Auth. of the City of St. Marys v. Eason*, 222 Ga. 536, 541 (1) (150

5

SE2d 812) (1966). See also *Watts & Colwell Builders v. Martin*, 313 Ga. App. 1, 6 (2) (720 SE2d 329) (2011) (accord). Furthermore, the doctrine "does not apply when there is an intermediary cause which could have produced the injury." (Citation and punctuation omitted.) *Watts & Colwell Builders v. Martin*, 313 Ga. App. at 6 (2). See also *Hosp. Auth. of the City of St. Marys v. Eason*, 222 Ga. at 541 (1) (accord).

In this case, Law has not identified any rational basis for concluding that the fire in BioLab's chemical storage facility would not have occurred in the absence of any negligence. Indeed, the fire could have been caused by arson, an act of God, or other cause without any negligent act or omission on the part of anyone.[2]

---

[2] See *Noble v. Nieznany*, 239 Ga. App. 547, 549 (2) (521 SE2d 472) (1999) (Where the evidence showed that the incident that caused the plaintiff's injury, a houseboat explosion, occurred after a concealed fuel line leaked and allowed fumes to accumulate, the doctrine of res ipsa loquitur did not preclude summary judgment in the defendant's favor because such an incident is not of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence.); *Ellis v. Sears Roebuck & Co.*, 193 Ga. App. 797, 798 (1) (388 SE2d 920) (1989) (Where the plaintiff's injury occurred when an escalator malfunctioned, the doctrine of res ipsa loquitur did not raise a jury issue because the incident could have happened in the absence of any negligence, given that mechanical devices get out of working order without any negligent act or omission on the part of anyone.); *Lodge v. Champion Home Builders Co.*, 170 Ga. App. 21, 22 (3) (315 SE2d 912) (1984) (Where the the plaintiffs were injured when the heating system of a motor home malfunctioned and the motor home caught fire, the doctrine of res ipsa loquitur did not preclude summary judgment in the defendant's favor because the fire was not necessarily of such an unusual or extraordinary nature that would not ordinarily occur in the absence of someone's negligence and because the motor home was not in the

Furthermore, Law's alleged injury, that is, his pulmonary problems, could have been produced by an intermediary cause, such as his twenty-year history of smoking one pack of cigarettes per day. Because there is no evidence from which a jury could infer that BioLab was negligent as alleged, the trial court did not err in granting BioLab's motion for summary judgment. *Noble v. Nieznany*, 239 Ga. App. 547, 549 (2) 521 SE2d 472) (1999); *Ellis v. Sears Roebuck & Co.*, 193 Ga. App. 797, 798 (1) 388 SE2d 920) (1989).

*Judgment affirmed. Phipps, C. J., and Branch, J., concur.*

---

defendant's exclusive control.).